**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Soyko Kulchystsky, L.L.C. v. Cuyahoga Cty. Bd. of Revision,* **Slip Opinion No. 2014-Ohio-4511.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4511

SOYKO KULCHYSTSKY, L.L.C., N.K.A. HOUSE UNDER THE GREEN BOTTLE, L.L.C., APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Soyko Kulchystsky, L.L.C. v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2014-Ohio-4511.]**

*Taxation—Real property—Valuation—R.C. 5715.19(A)(2)(a)—Exception to prohibition against filing a second complaint within the same interim period applies—Board of Tax Appeals' decision reversed and cause remanded.*

(No. 2013-0547—Submitted May 27, 2014—Decided October 14, 2014.)

APPEAL from the Board of Tax Appeals, No. 2013-L-251.

_____

**Per Curiam.**

{¶ 1} In this real-property-valuation case the taxpayer, Soyko Kulchystsky, L.L.C., now known as House Under the Green Bottle, L.L.C. ("Soyko"), filed a complaint for tax year 2011 after it had previously filed a

complaint for tax year 2010. Those two tax years were part of the same "interim period" between the 2009 update and the 2012 reappraisal in Cuyahoga County. R.C. 5715.19(A)(2) generally prohibits the filing of a second complaint within the same interim period, subject to certain exceptions. In this appeal, we confront the question whether one of those exceptions applies.

{¶ 2} Soyko alleges that two of the exceptions apply: R.C. 5715.19(A)(2)(a) and R.C. 5715.19(A)(3). The Board of Tax Appeals ("BTA") held that neither applied. We hold that the exception in R.C. 5715.19(A)(2)(a) applies, and on the basis of that holding, we hold that the issue whether R.C. 5715.19(A)(3) applies is moot. We therefore reverse the BTA's determination regarding R.C. 5715.19(A)(2)(a), vacate the BTA's ruling regarding R.C. 5715.19(A)(3), and remand the cause for further proceedings.

### FACTUAL BACKGROUND

{¶ 3} Because the analysis of this appeal calls for a careful consideration of the sequence and timing of events below, the best approach to reciting the factual background is to set forth a chronology. The record in this appeal is sparse, and in determining the factual background, we rely on the facts recited in the BTA's decisions that are uncontested here, as well as dispositional orders included as exhibits to Soyko's brief before the BTA and in the appendix to its brief before this court.

{¶ 4} *February 4, 2011.* The property at issue, an 18-unit apartment building, sold for $95,000.

{¶ 5} *Sometime thereafter.* Soyko filed a complaint for tax year 2010, asking for a reduction from the auditor's value of $234,000 to $110,000 (apparently based on the $95,000 sale price and $15,000 in improvements). That complaint also disclosed the February 4, 2011 sale for $95,000. Later in the proceedings, Soyko asserted that the value should be equal to the $95,000 sale price.

**{¶ 6}** *February 24, 2012.* The Cuyahoga County Board of Revision ("BOR") held its first hearing on the complaint for tax year 2010.

**{¶ 7}** *February 28, 2012.* The BOR dismissed Soyko's complaint for tax year 2010 on the grounds that the filing of the complaint involved the unauthorized practice of law, *see Sharon Village Ltd. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 479, 678 N.E.2d 932 (1997). Soyko later appealed the dismissal to the BTA.

**{¶ 8}** *March 19, 2012.* Soyko initiated the present case by filing a complaint challenging the valuation for tax year 2011, once again urging that the February 2011 sale price be adopted as the property value. Soyko explained in a motion before the BTA that it filed this complaint "in an abundance of caution," given the dismissal of the tax-year-2010 complaint by the BOR. When Soyko filed this complaint, there had not yet been a ruling on the merits of the tax-year-2010 complaint because the tax-year-2010 case had been dismissed, and Soyko did not appeal from that dismissal until March 26, 2012.

**{¶ 9}** The complaint alleged two reasons why it was permitted as a second filing within the same three-year period. First, the tax-year-2010 complaint was dismissed because the filing amounted to the unauthorized practice of law, so the second filing was an allowed refiling under R.C. 5715.19(A)(3). Second, the R.C. 5715.19(A)(2)(a) exception applied because the complaint sought a value change for the property due to an arm's-length sale that was not taken into consideration in the prior complaint.

**{¶ 10}** *May 29, 2012.* The BTA issued its decision reversing the BOR's dismissal of Soyko's tax-year-2010 complaint. BTA No. 2012-K-953, 2012 WL 2119861 (May 29, 2012).

**{¶ 11}** *July 13, 2012.* The BOR held a second hearing on the remand of the tax-year-2010 complaint.

{¶ 12} *July 27, 2012.* The BOR issued its merit decision for tax year 2010: it ordered no change in the valuation of the property, rejecting the $95,000 sale price from February 2011.

{¶ 13} *December 28, 2012.* The BOR dismissed Soyko's tax-year-2011 complaint as a second-filed complaint within the interim period.

{¶ 14} *The BTA's proceedings below.* On January 18, 2013, Soyko appealed the dismissal of the tax-year-2011 complaint to the BTA. On March 7, 2013, the BTA issued its decision affirming the dismissal of Soyko's tax-year-2011 complaint. Then, on April 5, 2013, Soyko appealed the BTA's March 7, 2013 ruling to this court. This is the appeal presently before us.

{¶ 15} *The BTA's decision in the tax-year-2010 case.* On January 15, 2014, the BTA issued its decision on the merits in the tax-year-2010 case. The BTA adopted the $95,000 sale price as the value of the property for tax year 2010, but specifically refrained from ruling on tax year 2011 because of the pendency of the present appeal. BTA No. 2012-2724, 2014 WL 351139 (Jan. 15, 2014). Soyko later submitted this decision as supplemental authority in the present appeal.

## THE BTA'S DECISION IN THIS CASE

{¶ 16} As indicated above, the BTA issued its decision for the 2011 tax year on March 7, 2013. The BTA noted the general prohibition of a second filing during the interim period pursuant to R.C. 5715.19(A)(2) and considered Soyko's two claims of exception from that prohibition.

{¶ 17} First, the BTA addressed the contention that R.C. 5715.19(A)(3) permitted Soyko to file a complaint for 2011, even though 2011 was part of the same interim period as 2010. R.C. 5715.19(A)(3) permits a complaint to be "refile[d]" when it has been dismissed because the filing amounted to the unauthorized practice of law. The BTA held that "the second complaint is not a permitted refiling under R.C. 5715.19(A)(3)," because (A)(3) permits refiling of

4

the complaint *for the same tax year*, not the filing of a new complaint for a subsequent tax year. BTA No. 2013-L-251, 2013 WL 1121497, *3.

{¶ 18} Second, the BTA addressed Soyko's argument that the tax-year-2011 complaint was allowed under R.C. 5715.19(A)(2)(a), given that the BOR had dismissed the tax-year-2010 complaint instead of addressing the merits of relying on the sale price for that year. Addressing this issue involved two steps.

{¶ 19} First, the BTA reasoned that if the BOR had determined that the sale was not at arm's length, and therefore had declined to rely on the sale price, then the sale price had been "taken into consideration" for the prior year and the complaint for the subsequent year would be barred. BTA No. 2013-L-251, 2013 WL 1121497, *4, citing *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 21. Second, the BTA consulted the record in the tax-year-2010 case, which was then pending on appeal from the merit decision of the BOR as BTA case No. 2012-W-2724. The BTA found that "the BOR did actually consider the arm's-length nature of the February 2011 sale in the context of its 2010 tax year proceedings" inasmuch as the "oral hearing worksheet and journal entry" stated as follows: " 'Purchase *2/20/11 was distressed sale* and not "recent" for purpose of determining 2010 value.' " (Emphasis added in the BTA decision.) BTA No. 2013-L-251, 2013 WL 1121497, *4. On that basis, the BTA concluded that the asserted sale price had been "taken into consideration for the 2010 tax year," and therefore a complaint addressing tax year 2011 was not permitted under the exception at R.C. 5715.19(A)(2)(a). *Id.* Concluding that "the BOR properly dismissed the underlying complaint as a prohibited multiple filing in the triennial period," the BTA affirmed the dismissal. *Id.*

**BECAUSE AT THE TIME THE TAX-YEAR-2011 COMPLAINT WAS FILED THE SALE PRICE HAD NOT BEEN "TAKEN INTO CONSIDERATION," THE TAX-YEAR-2011 COMPLAINT WAS VALID PER R.C. 5715.19(A)(2)(a)**

{¶ 20} R.C. 5715.19(A)(2) generally prohibits a complainant from filing two complaints during a triennial "interim period." The term "interim period" is defined in the statute as "the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again." R.C. 5715.24 refers to the schedule in which a reappraisal is conducted by a county every six years, with an update of valuation performed in the third year; the interim period, sometimes referred to as a "triennium" or "triennial period," consists of a reappraisal year or an update year plus the two following years. Under R.C. 5715.19(A)(2), a party dissatisfied with the valuation of property may file only one complaint in the triennium, unless one of the exceptions applies.

{¶ 21} This court has held that a jurisdictional dismissal of the complaint for the earlier year does not lift the prohibition: the earlier complaint has been "filed," even if it is subsequently dismissed. *See Elkem Metals Co., Ltd. Partnership v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 686-687, 693 N.E.2d 276 (1998). In this case, the tax-year-2010 complaint was first dismissed by the BOR, then reinstated by the BTA, then decided on the merits by the BOR and the BTA.

{¶ 22} R.C. 5715.19(A)(2)(a) provides an exception from the general prohibition against multiple complaints within the same triennial "interim period." The statute prohibits the second filing within the triennium,

unless the person * * * alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year

for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

> (a) The property was sold in an arm's length transaction, as described in section 5713.03 of the Revised Code.

{¶ 23} Thus, there are three elements to the exception in R.C. 5715.19(A)(2)(a):

{¶ 24} (1) The second-filed complaint must allege that the property value should be changed on account of the property's having been sold in an arm's length transaction;

{¶ 25} (2) The sale must have occurred after the tax-lien date for the tax year for which the prior complaint was filed; and

{¶ 26} (3) The sale must not have been "taken into consideration with respect to the prior complaint."

{¶ 27} Soyko's tax-year-2011 complaint plainly satisfies the first two of the three elements: the complaint alleges the February 2011 sale as the basis for a change in valuation, and the February 2011 sale took place after the tax-lien date for tax year 2010, which was January 1, 2010. As for the third element, the BTA determined that the (A)(2)(a) exception did not apply, because the BOR *did* take into consideration the February 2011 sale—it did so in its July 27, 2012 determination of property value, after the BTA itself had reversed the BOR's original dismissal and remanded for a merit review.

{¶ 28} Soyko faults the BTA for relying on the transcript in the appeal from the BOR's merit decision for tax year 2010. According to Soyko, the BTA should have confined itself to looking at the transcript in the first BTA appeal, which addressed the BOR's dismissal for unauthorized practice of law, but which did not address the merits. In essence, this argument relies on pure chronology:

the BTA erred by looking at what the BOR did *after the tax-year-2011 complaint was filed*.

{¶ 29} Properly formulated, the crux of the matter is whether jurisdiction over the tax-year-2011 complaint should be determined *as of the time the complaint was filed*, or instead be determined in light of the entire course of proceedings on the earlier complaint—even events that occurred after the tax-year-2011 complaint was filed.[1]

{¶ 30} We hold that the applicability of R.C. 5715.19(A)(2)(a) should be determined as of the date the second-filed complaint was filed. We reach this conclusion for three reasons.

{¶ 31} First, determining jurisdiction at the time of filing most fully comports with the language of R.C. 5715.19(A)(2). The jurisdictional limitation of (A)(2) is phrased as a prohibition on filing and thereby suggests that compliance should be determined as of the time of filing. The section states: "No person, board, or officer shall file * * *." It stands to reason that the prohibition is *not* violated if the person, board, or officer looks at the circumstances *as of the time that it intends to file*, and determines that the filing is permitted.

{¶ 32} Thus, in the present case, Soyko would, on March 19, 2012, look at the fact that the tax-year-2010 complaint had been dismissed and determine that the exception in R.C. 5715.19(A)(2)(a) applies because the sale price had not been "taken into consideration" with respect to the dismissed complaint.

{¶ 33} The second reason for using the date of filing as the point of reference is that doing so aids administrative efficiency. Under the BTA's decision, later events divest the boards of revision of jurisdiction on a retroactive basis: specifically, the July 2012 decision of the BOR, by taking the February

---

[1] To the extent that this issue is a different one from that advanced by Soyko, considering the issue lies within the plenary authority we exercise when considering issues that concern the jurisdiction of the tax tribunals. *See Crown Communication, Inc. v. Testa*, 136 Ohio St.3d 209, 2013-Ohio-3126, 992 N.E.2d 1135, ¶ 27.

2011 sale into consideration, retroactively deprived the BOR of jurisdiction over the tax-year-2011 complaint. While the compressed timeline of the present case does not present much problem, in some cases, months or years could pass before jurisdiction could be ascertained. In the meantime, the later-filed complaint would either be held in abeyance, or proceedings might be conducted that would later be retroactively invalidated. Much better is the rule by which jurisdiction is determinable, once and for all, at the outset.

{¶ 34} Third, determining jurisdiction as of the time of filing is consistent with the statutorily prescribed schedule for deciding board-of-revision cases. Namely, R.C. 5715.19(C) calls for a board of revision to decide a complaint within 90 days of filing; this schedule is designed to secure the decision in cases relating to the preceding tax year by the time the tax duplicate is certified and the assessment completed for the current tax year. When the BOR adheres to the statutory deadlines, it will be in a position to determine its jurisdiction over the complaint filed for the next tax year.

{¶ 35} In its brief, appellee Cleveland Municipal School District Board of Education relies on *Akron Centre Plaza*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, for the proposition that when the sale at issue has been found, with respect to a prior complaint, not to have been at arm's length, "the complainant may not file a second complaint within the interim period and urge that the sale price furnishes the criterion of value, because the sale price was already 'taken into consideration' for the earlier year." *Id*. at ¶ 21. But *Akron Centre Plaza* did not purport to address the particular issue presented here: whether the sale price's being "taken into consideration with respect to the prior complaint" must have already occurred on the date of filing of the later complaint, before the (A)(2)(a) exception can properly be denied.

{¶ 36} When Soyko filed the tax-year-2011 complaint on March 19, 2012, the BOR had not yet addressed the merits of the tax-year-2010 complaint and

therefore had not yet "taken into consideration" the sale in the context of the tax-year-2010 complaint. Therefore, R.C. 5715.19(A)(2) did not bar the filing of the tax-year-2011 complaint, and we reverse the ruling of the BTA on this point.

### THE ISSUE OF EXCEPTION PER R.C. 5715.19(A)(3) IS MOOT

{¶ 37} R.C. 5715.19(A)(3) states that when a complaint has been dismissed "for the reason that the act of filing the complaint was the unauthorized practice of law or the person filing the complaint was engaged in the unauthorized practice of law," the complainant "may refile the complaint, notwithstanding division (A)(2) of this section." Division (A)(2) is, of course, the prohibition against multiple filings within the same interim period. In light of the "notwithstanding" phrase, Soyko interprets (A)(3) as an additional exception to the multiple-filing prohibition at (A)(2); under this reading, Soyko was authorized to file a complaint challenging the 2011 valuation as well as the 2010 valuation, both constituting part of a "refiling" of the previously dismissed complaint for the earlier year.

{¶ 38} The BTA took a contrary view, consistent with its previous decisions. Quoting an earlier case, the BTA stated that " 'R.C. 57145.19(A)(3) does not relate to the successive filing of complaints.' " BTA No. 2013-L-251, 2013 WL 1121497, *3, quoting *W9/GLM Real Estate Ltd. Partnership v. Portage Cty. Bd. of Revision*, BTA No. 2002-M-2136 (Aug. 8, 2003). The BTA decision distinguished "refiling" the "same complaint," i.e., filing a corrected version of the previously dismissed complaint that addresses the valuation for the same tax year as the original, from " 'fil[ing] a new complaint for a subsequent year within the same triennial.' " *Id.*, quoting *G.E.W. Mgt. Co. v. Franklin Cty. Bd. of Revision*, BTA No. 2012-K-2040 (Oct. 17, 2012). By filing a complaint that addresses a subsequent year, the BTA said, the complainant failed to " 'comply with the express provisions of R.C. 5715.19(A)(3).' " *Id.* This interpretation

10

places utmost importance on construing the word "refile" in accordance with ordinary meaning, but it completely ignores the "notwithstanding" phrase.

**{¶ 39}** We find this to be an intricate issue that it is neither necessary nor prudent for us to decide in this appeal. For one thing, the tax tribunals have definitively exercised their jurisdiction in determining value for tax year 2010, so that any option of viewing the tax-year-2011 complaint as a "refiling" of the tax-year-2010 complaint appears to be foreclosed. Quite simply, tax year 2010 is not under consideration in this appeal, only tax year 2011 is. And as for tax year 2011, we have determined that Soyko is entitled to relief pursuant to R.C. 5715.19(A)(2)(a), which permits us to afford Soyko all the relief to which it would be entitled, at this juncture, under R.C. 5715.19(A)(3). We therefore vacate the ruling of the BTA on the R.C. 5715.19(A)(3) issue, and leave the resolution of that issue for another day.

## CONCLUSION

**{¶ 40}** For the foregoing reasons, we hold that the filing of Soyko's tax-year-2011 complaint came within the exception in R.C. 5715.19(A)(2)(a) and that the filing therefore invoked the jurisdiction of the BOR. We reverse the BTA's contrary ruling on this point. We also vacate the remainder of the BTA's decision, and we remand the cause to the BTA for further proceedings.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment only and would hold that the tax complaint for 2010 is not at issue in this appeal.

_____

Karen H. Bauernschmidt Co., L.P.A., Karen H. Bauernschmidt, and Stephen M. Nowak, for appellant.

Brindza, McIntyre & Seed, L.L.P., David H. Seed, and Jennifer A. Antoon, for appellee Cleveland Municipal School District Board of Education.

_____