[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Glyptis v. Cuyahoga Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-1437.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1437

GLYPTIS ET AL., APPELLEES, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Glyptis v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-1437.]**

*Taxation—Real-property valuation—Casualty-loss exception to rule barring successive valuation complaints within a triennium applies because evidence of casualty loss was not taken into consideration with respect to prior complaint.*

(No. 2015-2014—Submitted January 23, 2018—Decided April 17, 2018.)

APPEAL from the Board of Tax Appeals, No. 2014-4913.

————————————

**Per Curiam.**

{¶ 1} In this property-tax appeal, we confront the question whether the "casualty-loss exception" to the general rule prohibiting successive valuation complaints within the same triennium, *see* R.C. 5715.19(A)(2)(b), permitted

appellees George and Maria Glyptis to file a new valuation complaint for tax year 2013 even though they had already filed a complaint challenging the 2012 valuation of their property. Appellants, the Cuyahoga County Board of Revision ("BOR") and the Cuyahoga County fiscal officer (collectively, "the county"), contend that the Board of Tax Appeals ("BTA") erred by finding that the casualty-loss exception applies in this case. The Glyptises argue, and the BTA found, that the exception applies because their evidence of damage to the property was not "taken into consideration" in determining the property's value for 2012. We agree, and we therefore affirm the BTA's decision.

## FACTUAL BACKGROUND

{¶ 2} At issue is a 9.1-acre lakefront property in Bratenahl with about 10,000 square feet of improvements, including a main house and a guest house, plus amenities such as a swimming pool. The Glyptises purchased the property in September 2011 for $2.5 million, and the fiscal officer adopted that sale price as the property value for the reappraisal year 2012.

{¶ 3} In early 2013, the Glyptises filed a complaint against the 2012 valuation, arguing for a reduction based on storm damage that occurred in late 2012. At the BOR hearing in the instant case, George Glyptis testified that the BOR told him in connection with the tax-year-2012 case that he was "here too early" to claim a reduction based on storm damage—that is, because the storm damage occurred after the January 1, 2012 lien date, the damage was irrelevant to the 2012 valuation; the first tax year to which it would be relevant was 2013. Moreover, the BOR's hearing worksheet from the tax-year-2012 case states that the damage "took place after the tax lien date" and "should be addressed in the complaint for tax year 2013." The BOR disposed of the 2012 case by retaining the $2.5 million sale price as the property value.

{¶ 4} In early 2014, the Glyptises filed a fresh valuation complaint for tax year 2013, seeking a reduction based on storm damage to the property since its

2

purchase in 2011. Because the 2013 complaint was the second complaint the Glyptises filed in the triennial period that began with the reappraisal year 2012, the complaint had to assert one of the exceptions to the general rule that a second filing was prohibited. As a reason for filing a second complaint in the same triennium, the complaint indicated that the "property lost value due to a casualty." At the BOR hearing, George Glyptis testified regarding water damage to the property. He also presented an October 16, 2013 letter from a real-estate broker opining that the property's value was $1.5 million, along with documentation of damage-repair estimates ranging from $845,000 to $877,000.

{¶ 5} The BOR ordered no change in value for 2013, and the Glyptises appealed to the BTA, where they presented the testimony and appraisal report of Elizabeth Caldwell, a state-certified appraiser. The appraiser valued the property at $1.7 million, based upon adjusted comparable sales and accounting for the water damage.

{¶ 6} At the BTA hearing, the county argued for the first time that the BOR lacked jurisdiction over the tax-year 2013 complaint because it was the second-filed complaint during the same triennium and the evidence of casualty loss had been presented in the tax-year-2012 case.

{¶ 7} The BTA's decision first addressed and rejected the county's claim that the BOR lacked jurisdiction over the tax-year-2013 complaint due to the prior filing of the tax-year-2012 complaint. It found that the BOR had jurisdiction over the tax-year-2013 complaint, because the Glyptises "properly alleged one of the four circumstances set forth in R.C. 5715.19(A)(2) on the face of the complaint and offered sufficient evidence to show that [the tax-year-2013 complaint] qualified for the exception." BTA No. 2014-4913, 2015 Ohio Tax LEXIS 4079, *4 (Nov. 16, 2015). The BTA concluded that the evidence of storm damage was not considered at the 2012 hearing because, as indicated on the BOR's hearing worksheet in the 2012 case, the " 'damage referenced in the hearing took place after the tax lien date

and should be considered in the complaint for tax year 2013.' " *Id*. at *5. The BTA found that the casualty loss was "discussed" but not "truly considered" for 2012. Accordingly, the BTA found that the casualty-loss exception applied and that the tax-year-2013 complaint was permissible. *Id.*

{¶ 8} Next, the BTA found that the Glyptises had rebutted the recency of the 2011 sale by presenting evidence of significant property damage. It then considered and adopted the appraisal-report value of $1.7 million for 2013.

{¶ 9} The county has appealed; it challenges the jurisdictional ruling but not the adoption of the appraisal value as a substantive matter.

## ANALYSIS

### Standard of review

{¶ 10} We confront the question whether the BOR had jurisdiction over the Glyptises' tax-year-2013 complaint under R.C. 5715.19(A)(2). Because they involve the construction and application of the enabling statutes, we have treated such jurisdictional issues as raising questions of law that we review de novo. *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

### R.C. 5715.19(A)(2): the one-complaint-per-triennium rule and its exceptions

{¶ 11} R.C. 5715.19(A)(2) defines "interim period" as the three-year period beginning with either a sexennial reappraisal or a triennial update. It then states the general rule prohibiting the filing of a complaint if the same complainant has "filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period." *Id*. That rule applies "unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint." *Id*. The statute then sets forth the circumstances justifying the filing of a second complaint within the

4

same interim period; the circumstance relevant here is that "the property lost value due to some casualty," R.C. 5715.19(A)(2)(b).

**{¶ 12}** Three requirements must be satisfied in order for the casualty-loss exception to apply. First, the second-filed complaint must assert that casualty loss justified the filing. Second, the event triggering the exception must have occurred after the tax-lien date of the year for which the earlier complaint was filed. Third, the triggering event must not have been "taken into consideration with respect to the prior complaint," R.C. 5715.19(A)(2). *Accord Soyko Kulchystsky, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 141 Ohio St.3d 43, 2014-Ohio-4511, 21 N.E.3d 297, ¶ 24-26.

**{¶ 13}** Here, the tax-year-2013 complaint invoked the casualty-loss exception and the storm damage occurred after the 2012 tax-lien date. The only point of dispute is whether the BOR took the storm damage into consideration in determining the 2012 value.

### The BTA correctly concluded that the tax-year-2013 complaint was permissible under the casualty-loss exception

**{¶ 14}** In essence, the county argues that the bare fact of the Glyptises' having *presented* storm-damage evidence during the tax-year-2012 proceeding barred them from pursuing relief on the basis of such evidence through the tax-year-2013 proceeding. But R.C. 5715.19(A)(2) does not condition application of the casualty-loss exception on whether the taxpayer has *presented* evidence about the casualty during the earlier case; it conditions application of the exception on whether the circumstances were "taken into consideration."

**{¶ 15}** Although evidence of the storm damage was presented by George Glyptis during the proceedings on the tax-year-2012 complaint, it is clear that that evidence was *not* "taken into consideration" in determining the 2012 property value. The hearing notes from the tax-year-2012 case show that the BOR regarded

the storm-damage evidence as irrelevant to the determination of the 2012 value—a view that was orally expressed to Glyptis during the tax-year-2012 proceeding.

**{¶ 16}** The storm-damage evidence was properly deemed irrelevant to the 2012 valuation because the damage occurred after the tax-lien date for that year. *See Olmsted Falls Village Assn. v. Cuyahoga Cty. Bd. of Revision*, 75 Ohio St.3d 552, 554-555, 664 N.E.2d 922 (1996) (rejecting an appraisal valuation that was not an opinion of the value as of the tax-lien date); *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 193, 2013-Ohio-4543, 11 N.E.3d 206, ¶ 22-23, 26, *unaffected upon reconsideration*, 139 Ohio St.3d 212, 2014-Ohio-1940, 11 N.E.3d 222, ¶ 30 (condominiums that are only partially finished as of the tax-lien date must be valued according to their incomplete state on that date). Indeed, there could be no more clearer indication that a circumstance was not "taken into consideration" than the BOR's deeming the storm-damage evidence here to be inconsequential to the tax-year-2012 property value: to deem something irrelevant is tantamount to a refusal to take it into consideration.

## CONCLUSION

**{¶ 17}** For the foregoing reasons, we hold that the BTA acted reasonably and lawfully in determining that the BOR had jurisdiction over the Glyptises' tax-year-2013 complaint. The county has waived any arguments on the merits of that complaint by failing to advance them in its brief. *See E. Liverpool v. Columbiana Cty. Budget Comm.*, 116 Ohio St.3d 1201, 2007-Ohio-5505, 876 N.E.2d 575, ¶ 3, citing *Household Fin. Corp. v. Porterfield*, 24 Ohio St.2d 39, 46, 263 N.E.2d 243 (1970). Accordingly, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Vorys, Sater, Seymour & Pease, L.L.P., Karen H. Bauernschmidt, and Nicholas M.J. Ray, for appellees George and Maria Glyptis.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellants.

_____