[Cite as *Gallick v. Franklin Cty. Bd of Revision*, 2018-Ohio-5102.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John J. Gallick, | : | |
| Appellant-Appellant, | : | No. 18AP-28 (BTA No. 2017-1119) |
| | | No. 18AP-29 |
| v. | : | (BTA No. 2017-1120) |
| Franklin County Board of Revision et al., | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on December 18, 2018

**On brief**: *John J. Gallick*, pro se.  **Argued**: *John J. Gallick*.

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *William J. Stehle*, for appellee Franklin County Board of Revision and Franklin County Auditor.

**On brief**: *Rich & Gillis Law Group*, *Mark H. Gillis*, and *Richelle L. Thoburn*, for appellee Board of Education of the Columbus City Schools.  **Argued**: *Richelle L. Thoburn*.

APPEALS from the Ohio Board of Tax Appeals

BROWN, P.J.

{¶ 1} In these consolidated appeals, appellant, John J. Gallick, appeals from decisions and orders of the Ohio Board of Tax Appeals ("BTA") in case Nos. 2017-1119 and 2017-1120 in which the BTA affirmed decisions of appellee, Franklin County Board of Revision ("BOR"), dismissing appellant's complaints challenging the valuation for two parcels of real estate.

{¶ 2} On March 22, 2017, appellant filed complaints with the county auditor seeking a reduction in valuation for parcel Nos. 010-070331-00 and 010-063544-00 for

tax year 2016. On April 29, 2017, appellee, Board of Education of the Columbus City School District ("BOE"), filed a counter-complaint.

{¶ 3} On July 6, 2017, BOR conducted a hearing regarding the complaints. During the hearing, counsel for BOE moved to dismiss the tax year 2016 complaints on the basis the filings constituted the third filing by appellant in the same triennium period with respect to both properties. On July 10, 2017, BOR issued decisions dismissing both of appellant's complaints "for duplicate filing within a 3 year period."

{¶ 4} On July 28, 2017, appellant filed notices of appeal with BTA from decisions of BOR. The BOE subsequently filed motions to affirm BOR's dismissal of the complaints. On November 17, 2017, appellant filed a brief contra. On December 12, 2017, BTA issued decisions and orders in case Nos. 2017-1119 and 2017-1120, affirming the decisions of BOR to dismiss appellant's complaints in both cases.

{¶ 5} On appeal, appellant, pro se, sets forth the following nine assignments of error for this court's review:

> I. It is unfair and a denial of due process to dismiss the BOR complaint and BTA appeal pursuant to R.C. 5715.19(A)(2) when the taxpayer has been appealing property tax valuations for these same two properties over a period of 65 months since tax year triennial 2011-2013 and then tax year triennial 2014-2016; however, the auditor is permitted to arbitrarily continue raising tax valuations from one triennial to another but the taxpayer is not permitted to appeal more than once during the triennial period despite the uncertainty and unreasonable administrative delays in obtaining decisions from the BOR, the court systems, and the BTA during the first triennial and then part of the second triennial, and the Auditor, BOR and BTA values are inconsistent over the six-year period.
>
> II. It is unfair to dismiss the BTA appeal when the taxpayer was finally able to negotiate and finalize mediated and agreed upon tax year valuations and stipulations for tax years 2011-2013 with the appellees which arbitrarily had no significance to the auditor, BOR or BTA for subsequent tax years valuations for 2014-2016 and the auditor's increase in valuations for tax years 2014-2016 were arbitrary and without a basis in fact, changes in the taxpayer's market for tax years 2014-2[0]16 were negative in nature, i.e., "The market had fallen," and no improvements were made to the properties to warrant an increase in value.

III. The BOR and BTA erred in dismissing the complaint when the taxpayer offered comparable properties as a basis of value some of which were recent arm's-length sales and thus should have allowed the complaint to move forward according to R.C. 5715.19(A)(2)(a), i.e., "The property was sold in an arm's-length transaction."

IV. The BOR and BTA erred in dismissing the complaint when review of the taxpayer's overall complaint complied with R.C. 5715.19(A)(2)(a), (b) & (d) when the taxpayer wrote in on line 9 of the complaint that: "The market has fallen," and the taxpayer offered evidence of negative social and economic conditions in the market of the properties under review to the BOR, and then again to the BTA by way of briefs in opposition to the Appellees motion to dismiss the complaint.

V. The BOR and BTA erred in dismissing the taxpayer's complaint when Revised Code Sections 5715.13 and 5715.24 require the filing of a complaint in order to obtain a decrease in value of the properties.

VI. The BOR and BTA erred in dismissing the taxpayer's complaint when the complaint, and evidence put before the BOR and BTA, was enough to avoid dismissal and did not violate the core of procedural efficiency as to warrant the dismissal.

VII. The BOR and BTA erred in dismissing the taxpayer's complaint when both forums rejected the taxpayer's ongoing and fluctuating casualties and decreases in occupancy, and the BTA specifically erred by finding that high crime rates were not casualties – crime rates and the opioid epidemic endemic to these neighborhoods that negatively affect the social and economic values of the properties and should result in lower values of the properties for any purpose thus negating dismissal of the complaint under R.C. 5715.19(A)(2)(b), "The property lost value due to some casualty."

VIII. The BOR and BTA erred by dismissing the taxpayer's complaint when the BOR heard the taxpayer's evidence yet dismissed the complaint by reference to a statute but without reason denying the taxpayer due process when the BOR is upholding the auditor's assessment based upon an improper cost approach and the auditor totally ignores the most reliable approach to value which is the sales comparison or market approach.

IX. The BOR and BTA erred by dismissing the taxpayer's complaint when the BOR has in fact set forth different values for these properties during the triennial period.

{¶ 6} R.C. 5717.04 sets forth the standard of review for appeals from BTA, and states in part: "If upon hearing and consideration of [the] record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same." Accordingly, "the standard of review for a matter appealed from the BTA is whether the decision 'is reasonable and lawful.' " *Girl Scouts – Great Trail Council v. Levin,* 113 Ohio St.3d 24, 2007-Ohio-972, ¶ 9.

{¶ 7} We initially consider arguments raised under the third, fourth, and sixth assignments of error of appellant's pro se brief. Under these assignments of error, appellant argues BOR and BTA erred by: (1) improperly applying R.C. 5715.19(A)(2)(a) and dismissing his complaints for failure to comply with the "technical aspect" of the complaint form, (2) failing to find that the complaints complied with R.C. 5715.19(A)(2)(b) and (d), and (3) dismissing the complaints when the complaints and evidence were "enough to avoid dismissal." (Appellant's Brief at 20, 26.)

{¶ 8} As noted under the facts, on March 22, 2017, appellant filed complaints seeking a reduction in valuation of two properties for tax year 2016. Appellant had previously filed complaints with respect to those properties for tax years 2014 and 2015, and it is undisputed that the three-year interim period for Franklin County involved tax years 2014, 2015, and 2016. Following a hearing, BOR dismissed appellant's complaints for tax year 2016 as "duplicate filing within a 3 year period."

{¶ 9} The BTA affirmed the orders of BOR, finding the complaints failed to meet the exception for a multiple filing under R.C. 5715.19(A)(2)(a). The BTA further found no merit to appellant's contention that the complaints implicitly, though not explicitly, alleged exceptions under R.C. 5715.19(A)(2)(b) and (d).

{¶ 10} R.C. 5715.19(A)(2) states as follows:

As used in division (A)(2) of this section, "interim period" means, for each county, the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again.

No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

(a) The property was sold in an arm's length transaction, as described in section 5713.03 of the Revised Code;

(b) The property lost value due to some casualty;

(c) Substantial improvement was added to the property;

(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property.

{¶ 11} Thus, "R.C. 5715.19(A)(2) provides that no second complaint shall be filed in the same interim period by the same person, board or officer for the same property 'unless' certain allegations are made." *Columbia Toledo Corp. v. Lucas Cty. Bd. of Revision,* 76 Ohio St.3d 361, 362 (1996). Specifically, in order to file a second complaint for the same interim period, a complainant "must allege and establish one of the four circumstances set forth in R.C. 5715.19(A)(2)." *Developers Diversified v. Cuyahoga Cty. Bd. of Revision,* 84 Ohio St.3d 32, 35 (1998).

{¶ 12} As noted, the complaint filed by appellant in case No. 2017-1119 was the third complaint filed against the valuation or assessment in the same interim period on the same property; similarly, the complaint in case No. 2017-1120 was the third complaint filed by appellant in the same interim period on that parcel. Line 14 of the complaint form includes boxes listing the four circumstances/exceptions under the statute to be "check[ed]" if a prior complaint has been filed. At the time appellant filed the complaints, he checked on both complaints the box indicating "[t]he property was sold in an arm's length transaction." Appellant did not check any of the other boxes pertaining to the remaining circumstances/exceptions under the statute (i.e., that "[a] substantial

improvement was added to the property," that "[t]he property lost value due to a casualty," or that the "[p]roperty's occupancy changed by at least 15 %").

{¶ 13} In addition to marking the box indicating the property was sold in an arm's-length transaction, appellant's complaint in case No. 2017-1119 identified the date of sale of the property in that case as June 6, 2009; further, appellant's complaint in case No. 2017-1120 identified the date of sale of that property as February 26, 2009.

{¶ 14} At the hearing before BOR, appellant discussed his purchase of each property in 2009 and submitted information regarding the sale of properties he believed to be comparable to the subject properties. At the conclusion of appellant's testimony, counsel for BOE moved to dismiss the complaints on the grounds that: (1) the tax year 2016 complaints constituted the third filing regarding the subject properties in the same interim period, and (2) the exception noted on line 14 of the complaints did not permit the filings because the referenced sales occurred in 2009 and had been taken into consideration in several prior cases.

{¶ 15} In *Soyko Kulchystsky, L.L.C. v. Cuyahoga Cty. Bd. of Revision,* 141 Ohio St.3d 43, 2014-Ohio-4511, ¶ 24-26, the Supreme Court of Ohio noted the following three elements to the exception in R.C. 5715.19(A)(2)(a):

> (1) The second-filed complaint must allege that the property value should be changed on account of the property's having been sold in an arm's length transaction;
>
> (2) The sale must have occurred after the tax-lien date for the tax year for which the prior complaint was filed; and
>
> (3) The sale must not have been "taken into consideration with respect to the prior complaint."

{¶ 16} In its decisions affirming BOE's motions to affirm BOR's dismissal of the underlying complaints, BTA found in part that, because the most recent sale of the subject properties occurred in 2009, "a multiple filing for 2016 based on the 2009 sale would fail to meet the second element to the exception found in R.C. 5715.19(A)(2)(a)." We agree. Because the sales at issue did not occur after the tax-lien date for the tax year for which the prior complaint was filed (i.e., the 2009 sales occurred prior to the tax-lien date), BTA properly found appellant did not establish an exception to the multiple filing rule under that statutory provision.

{¶ 17} As indicated above, during the hearing before BOR, appellant sought to introduce evidence of arm's-length transactions of comparable properties as sufficient to comply with the "technical" aspects of the complaint form.  However, as noted by BOE, the complaint form references "[t]he property," i.e., the complaint refers to the specific property at issue in the context of the arm's-length transaction exception.

{¶ 18} We further agree with BTA's determination that the complaints fail to allege any other statutory circumstances/exceptions.  In rendering that determination, BTA correctly rejected appellant's claim the complaints implicitly alleged exceptions under R.C. 5715.19(A)(2)(b) and (d).  The Supreme Court has held that R.C. 5715.19(A)(2) "clearly places the burden on the taxpayer to allege one of the enumerated circumstances in order to file a second complaint in the same interim period." *Columbia Toledo Corp.* at 362-63.  In this respect, "[t]he language of R.C. 5715.19(A)(2) is very simple and it is very clear—there can be no second appeal in the same interim period *unless* one of the enumerated circumstances is alleged."  (Emphasis sic.)  *Id.* at 363. As noted, the only circumstance appellant alleged on the complaint forms involved the applicability of the arm's-length transaction exception, and BTA therefore did not err in finding no indication from the face of the complaints that appellant alleged exceptions under either R.C. 5715.19(A)(2)(b) or (d).

{¶ 19} Further, " 'where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to enjoyment of the right conferred.' " *Columbia Toledo Corp.* at 363, quoting *Am. Restaurant & Lunch Co. v. Glander,* 147 Ohio St. 147 (1946), paragraph one of the syllabus.  Here, because BTA properly found appellant failed to meet the exception under R.C. 5715.19(A)(2)(a), BOR lacked jurisdiction to hear a successive complaint filed in the same interim period. *Id.*  Accordingly, BTA did not err in granting BOE's motions to affirm BOR's dismissal of the underlying complaints.

{¶ 20} Appellant's third, fourth, and sixth assignments of error are not well-taken and are overruled.

{¶ 21} Under the first assignment of error, appellant raises a due process argument.  Specifically, appellant contends he has a property interest in "being properly taxed by the government and an opportunity to be heard, both of which are being denied to him by the BOR and the BTA based upon hyper-technicalities."

{¶ 22} Appellant's due process argument is not persuasive. In the present case, appellant was afforded a hearing before BOR, at which time he presented testimony regarding his complaints. It has been held that R.C. 5715.19 "provides for notice and for a reasonable mode of contesting the county tax assessment" and, therefore, "it does not violate due process." *Palm Beach Mall v. Cuyahoga Cty. Bd. of Revision,* 96 Ohio App.3d 549, 556 (8th Dist.1994). Here, appellant has failed to demonstrate a denial of due process in connection with the proceedings. Further, although not dispositive, we take judicial notice of the fact appellant filed complaints with respect to the same properties in 2014 (i.e., the first year of the triennial interim period), and that currently pending before this court (case Nos. 17AP-811 and 17AP-812) are appellant's appeals of decisions by BTA in which he challenges the valuations of the subject properties.

{¶ 23} Appellant's first assignment of error is not well-taken and is overruled.

{¶ 24} Under his fifth assignment of error, appellant contends there exists a conflict between R.C. 5715.24 and 5715.19(A)(2). More specifically, appellant argues he is "instructed to file a Complaint where there is a decrease in value from what the Auditor imposes, but at the same time, he is precluded from doing so * * * unless he fills out the Complaint form correctly."

{¶ 25} BTA addressed this argument and found no conflict between the statutes. Noting that R.C. 5715.24 "relates to determinations by the Tax Commissioner about the uniform valuation of property," BTA rejected appellant's contention that such provision permits the county auditor authority to "change values on his own." Further, while recognizing the prohibition against multiple filings would not apply if the auditor "changes the valuation of a property within an interim period," BTA found "no indication in the record before us that any change in valuation was made for tax year 2016." We find no error with that determination. We also note the Supreme Court has had occasion to construe the interaction between R.C. 5715.24 and 5715.19(A)(2) in *Cannata v. Cuyahoga Cty. Bd. of Revision,* 147 Ohio St.3d 129, 2016-Ohio-1094, ¶ 25 (addressing dismissal under R.C. 5715.19(A)(2), and noting that R.C. 5715.24 refers to "procedures in conjunction with the sexennial appraisal (i.e., the appraisal that occurs in each county once every six years) and the triennial update (i.e., the update of property values that occurs the third year after a sexennial appraisal)"). The decision in *Cannata* contains no

suggestion of a conflict between the statutes. On review, BTA did not err in holding R.C. 5715.24 "provides no exception to the multiple filing prohibition, nor does it conflict with such provision."

{¶ 26} Appellant's fifth assignment of error is overruled.

{¶ 27} Under his ninth assignment of error, appellant raises an argument somewhat related to the previous assignment of error. Specifically, appellant asserts "when the auditor changes the valuation within an interim period, the prohibition of multiple filings does not apply."

{¶ 28} As noted by BOE, appellant's argument appears to rely on litigation at the BOR and BTA levels for prior years (i.e., claiming that a change in value through litigation also involves a change in value by the auditor). However, as also noted by BOE (as well as BTA in its decisions and orders), there is no evidence in the record that the auditor changed the subject values in tax year 2016 from those of the prior years in the same interim period.

{¶ 29} Appellant's ninth assignment of error is overruled.

{¶ 30} Appellant's remaining assignments of error raise issues going to the merits of the valuations of the properties, including claims the auditor's increase in valuations was arbitrary (second assignment of error), BTA erred in implying that high crime in an individual neighborhood does not affect property values (seventh assignment of error), and the auditor's assessment is based on an improper cost approach (eighth assignment of error). However, in light of our determination that BTA properly affirmed BOR's dismissal of the complaints on jurisdictional grounds, the issues raised in appellant's remaining assignments of error are rendered moot.

{¶ 31} Based on the foregoing, appellant's first, third, fourth, fifth, sixth, and ninth assignments of error are overruled, the second, seventh, and eighth assignments of error are rendered moot, and the orders of the Ohio Board of Tax Appeals affirming the decisions of the Franklin County Board of Revision dismissing appellant's complaints are affirmed.

*Orders affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____