[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 363.]

C.I.A. PROPERTIES, APPELLANT, *v.* CUYAHOGA COUNTY AUDITOR ET AL.,
APPELLEES.

[Cite as *C.I.A. Properties v. Cuyahoga Cty. Aud.*, 2000-Ohio-192.]

*Taxation—Real property valuation—When complaint filed with board of revision pursuant to former R.C. 5715.19(A) is dismissed because it is jurisdictionally defective, a counter-complaint filed pursuant to R.C. 5715.19(B) must also be dismissed.*

When a complaint filed with a board of revision pursuant to former R.C. 5715.19(A) is dismissed because it is jurisdictionally defective, a counter-complaint filed pursuant to R.C. 5715.19(B) must also be dismissed because the counter-complaint does not vest a board of revision with jurisdiction independent of the original complaint.

(No. 99-1326—Submitted April 12, 2000 at the Geauga County Session—
Decided July 26, 2000.)

APPEAL from the Board of Tax Appeals, No. 94-N-251.

———————————

{¶ 1} In December 1991, appellant, C.I.A. Properties, filed a complaint pursuant to R.C. 5715.19(A) with appellee Cuyahoga County Board of Revision, seeking a reduction in the value of its property located at 4461-4475 Mayfield Road in the city of South Euclid for the 1991 tax year. Appellee South Euclid/Lyndhurst School District Board of Education responded with the filing of a counter-complaint seeking an increase in the value of appellant's property. The board of revision reduced the value of appellant's property and the board of education appealed to the Board of Tax Appeals. The Board of Tax Appeals increased the value of appellant's property substantially in accordance with the board of education's counter-complaint. The decision of the Board of Tax Appeals was

subsequently affirmed by this court in *S. Euclid/Lyndhurst Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 314, 658 N.E.2d 750.

{¶ 2} While the 1991 case was pending, the board of education filed a complaint with the board of revision pursuant to R.C. 5715.19(A), requesting an increase in the value of the property from the county auditor's previous valuation. The complaint was signed and filed by Lois Herrmann in her capacity as the board of education's treasurer. Herrmann is not licensed to practice law in the state of Ohio. C.I.A. Properties then filed a counter-complaint pursuant to R.C. 5715.19(B), seeking a reduction in the value of the property. The board of revision issued a decision maintaining the county auditor's valuation with regard to the 1992 complaint. C.I.A. Properties appealed the decision on its counter-complaint to the Board of Tax Appeals.

{¶ 3} The Board of Tax Appeals *sua sponte* dismissed C.I.A.'s appeal. It reasoned that the 1992 complaint was jurisdictionally defective because it was signed and filed by a non-attorney, and, therefore, the counter-complaint was also invalid.

{¶ 4} The case is now before this court pursuant to an appeal as of right.

_____

*Fred Siegal Co., L.P.A.,* and *Annrita S. Johnson*, for appellant.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Timothy J. Kollin*, Assistant Prosecuting Attorney, for appellee Cuyahoga County Board of Revision and Auditor.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Karrie M. Kalail* and *David H. Seed*, for appellee South Euclid/Lyndhurst City School District Board of Education.

_____

**MOYER, C.J.**

**{¶ 5}** Former R.C. 5715.19(A) provided that, *inter alia*, a person owning taxable real property, or a board of education may file a complaint with the county auditor on or before the thirty-first day of March in order to seek a change in certain tax classifications and determinations made pursuant to the Revised Code. Within thirty days after the last date such a complaint may be filed, the county auditor shall provide notice of the filing of the complaint to each property owner whose property is the subject of the complaint, and to each board of education whose school district may be affected by the complaint. R.C. 5715.19(B).

**{¶ 6}** After receiving notice of the complaint, a property owner or board of education may file a counter-complaint in support of, or objecting to the amount of the alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in the previously filed complaint. *Id.* The county auditor shall then present all complaints to the county board of revision. R.C. 5715.19(A).

**{¶ 7}** The issue we are asked to determine is whether a counter-complaint filed with a county board of revision pursuant to R.C. 5715.19(B) creates independent jurisdiction in a county board of revision if the original complaint is jurisdictionally defective. For the following reasons, we hold that it does not.

**{¶ 8}** Pursuant to statute, boards of revision have been given jurisdiction to hear and rule on complaints filed with it pursuant to R.C. 5715.19. As part of this jurisdiction, a board of revision must first undertake a two-step procedure. *Elkem Metals Co., Ltd. v. Washington Cty. Bd. of Revision* (1998), 81 Ohio St.3d 683, 686, 693 N.E.2d 276, 278. After the complaint is filed, the board of revision must first examine the complaint to ensure that it meets statutory jurisdictional requirements. Second, if the board of revision determines that the complaint meets the jurisdictional requirements, it is then capable of considering evidence and determining the true value of the property at issue. *Id.*

{¶ 9} We have stated that to be jurisdictionally valid, a complaint filed pursuant to R.C. 5715.19(A) must be prepared and filed by an attorney authorized to practice law. See *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 85 Ohio St.3d 156, 160-161, 707 N.E.2d 499, 502-503; see, also, *Sharon Village, Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, syllabus. If the complaint is not prepared and filed by an attorney authorized to practice law, the board of revision does not have jurisdiction to hear evidence or to render a decision and, therefore, the complaint must be dismissed. *Id.*

{¶ 10} In this case, the complaint filed by the South Euclid/Lyndhurst School District Board of Education was signed and filed by a non-attorney. As a result, the Cuyahoga County Board of Revision was without jurisdiction to render a decision on the complaint. The question before us, however, is not whether the board of revision had jurisdiction to render a decision on the original complaint, but whether the board of revision had jurisdiction to render a decision on the counter-complaint once the original complaint was found to be jurisdictionally defective.

{¶ 11} As previously indicated, the power of a board of revision to issue a decision on a complaint filed pursuant to R.C. 5715.19(A) is a direct result of that complaint's being jurisdictionally valid. Likewise, filing a counter-complaint pursuant to R.C. 5715.19(B) derives directly from the filing of a complaint pursuant to R.C. 5715.19(A). According to the plain language of R.C. 5715.19(B), the purpose of the counter-complaint is to "support * * * or [object] to the amount of the alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in *a previously filed complaint* or objecting to the current valuation." (Emphasis added.) The sole function of the counter-complaint, therefore, is to address the issues raised in a complaint filed

pursuant to R.C. 5715.19(A). Viewed in this manner, the counter-complaint serves as the functional equivalent of an answer to a civil complaint.

{¶ 12} Given that the counter-complaint is a response to a complaint filed pursuant to R.C. 5715.19(A), the counter-complaint is directly affected by jurisdictional defects with the complaint. If the complaint is determined to be jurisdictionally defective and is thereby dismissed, the subject matter that prompted the complaint is no longer subject to review by a board of revision. As a result, there is no controversy to be addressed by the counter-complaint. Accordingly, we hold that if a complaint filed with a board of revision pursuant to former R.C. 5715.19(A) is dismissed because it is jurisdictionally defective, a counter-complaint filed pursuant to R.C. 5715.19(B) must also be dismissed because the counter-complaint does not vest a board of revision with jurisdiction independent of the original complaint. See *Hewlett Packard Co. v. Cuyahoga Cty. Bd. of Revision* (June 9, 1995), BTA case Nos. 94-N-899 and 94-D-900, unreported.

{¶ 13} We conclude that the Board of Tax Appeals did not err in dismissing the appeal because it did not have jurisdiction to render a decision on the merits. Accordingly, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

COOK, J., dissents and would reverse the decision of the Board of Tax Appeals.

———————————

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 14} I respectfully dissent from the majority's decision, but concur in the dismissal of C.I.A. Properties's complaint.

**{¶ 15}** I believe that a plain, common sense reading of R.C. 5715.19 does not support the majority's conclusion. R.C. 5715.19(B) states that after a property owner or a board of education receives notice that a complaint has been filed:

"Within thirty days after receiving such notice, a board of education [or] a property owner * * * may file a complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint or objecting to the current valuation. Upon the filing of a complaint under this division, the board of education or the property owner shall be made a party to the action."

**{¶ 16}** R.C. 5715.19 refers only to a complaint, whether it is an original or a "countercomplaint." (*E.g.*, R.C. 5715.19[C] – board shall hear case within ninety days of each "complaint"; R.C. 5719.19[D] – sets forth taxing issues and valuation issues for each "such complaint"; R.C. 5715.19[E] – sets forth interest charges accrued for each "complaint" finally determined.) The word "countercomplaint" does not appear in the statute at all.

**{¶ 17}** Furthermore, R.C. 5715.19(B) provides that a complaint that is filed in response to the auditor's notice of a complaint is to be considered in the same manner as the original complaint. The second complainant becomes a party to the action and has the same evidentiary burden as the original complainant. The statute makes no distinctions between the two parties once both complaints are filed.

**{¶ 18}** The majority now creates a distinction between a complaint that is filed before March 31 and one that is filed after March 31, although no such distinction exists in the statute. A second complaint filed *before* March 31 will be judged on its own merits without regard to the validity of the original complaint. However, the majority makes the validity of a second complaint, if filed *after* March 31, dependent upon the validity of the original complaint. Yet, there is no statutory language that distinguishes between the two complaints.

**{¶ 19}** I do not believe that the second complaint serves merely as an answer, but rather, is synonymous with a counterclaim in a civil action. A counterclaim is independent and stands on its own. Dismissal of the initial claim does not dispose of a counterclaim. Civ.R. 41. It must be considered on its own merits.

**{¶ 20}** Similarly, a "countercomplaint" (a word that does not exist in the statute but appears to have been adopted by the majority from a standardized filing form) is an independent right and action. The second complaint may object to the allegations of the previously filed complaint and may be "in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint *or objecting to the current valuation.*" (Emphasis added.) R.C. 5715.19(B).

**{¶ 21}** The majority is simply incorrect in finding that "the sole function of the counter-complaint is to address the issues raised in a complaint filed pursuant to R.C. 5715.19(A)." The majority ignores the language of R.C. 5715.19(B) that permits a board of education or property owner to file a second complaint "objecting to the current valuation." An objection to the current valuation is not an answer to, nor does it involve, the original complaint. Nevertheless, the majority conditions the right of the property owner and the board of education to file a late second complaint "objecting to the current valuation" upon the validity of the original complaint. The statute contains no such requirement.

**{¶ 22}** One of the purposes of enacting R.C. 5715.19(B) was "to permit the board of education and property owners to file late complaints," *i.e.*, complaints filed after March 31. Am.Sub.S.B. No. 6, effective August 27, 1981 (139 Ohio Laws, Part I, 56). Prior to the amendment of R.C. 5715.19(B), a property owner could file a complaint on March 31, allowing no time for a board of education to file a second complaint.

{¶ 23} In the absence of statutory language that distinguishes a second complaint filed before March 31 and one filed after March 31, the majority has now created two separate species of second complaints. A second complaint filed *before* March 31 has super immunity; it is immune from the invalidity of the original complaint. A second complaint filed *after* March 31 has only limited immunity; the immunity of the second complaint filed after March 31 is dependent upon the validity of the original complaint. The statute makes no such differentiation, and I do not believe the General Assembly intended such a distinction.

{¶ 24} The majority's position leads to another patently unfair result. By dismissing the second complaint on the basis that the original complaint was jurisdictionally defective, this second complainant is foreclosed from filing a complaint for the interim period. In *Elkem Metals Co., L.P. v. Washington Cty. Bd. of Revision* (1998), 81 Ohio St.3d 683, 693 N.E.2d 276, this court held that a complaint is considered filed for purposes of R.C. 5715.19(A)(2) even if subsequently dismissed for jurisdictional reasons. Therefore, it is clear that the *filing* of two complaints by the same party in the same interim period is prohibited without consideration of whether jurisdiction was proper. It is the *filing* of a complaint that triggers the auditor to give notice pursuant to R.C. 5715.19(B) despite whether jurisdiction is proper or not.

{¶ 25} According to the majority, the second complaint is dismissed based upon the jurisdictional infirmity of the original complaint despite the fact that the second complaint may be meritorious. Yet the second party is prohibited from refiling for three years and is prejudiced by the errors of an adverse party. What is to prevent an adverse party from intentionally filing a jurisdictionally defective complaint to keep opposing parties from challenging an assessment for an entire interim period?

{¶ 26} Nevertheless, I believe that C.I.A. Properties's complaint is jurisdictionally defective for another reason. In this case, C.I.A. Properties had

filed a complaint challenging the property valuation in 1991. It should not be permitted to file another complaint in 1992 within the interim triennial period. Because R.C. 5715.19(C) mandates that the board of revision notify a property owner of the time and place of the hearing on a complaint filed by someone other than the property owner, prohibiting C.I.A. Properties from filing a second action does not necessarily foreclose its participation in an action filed by another party.

{¶ 27} Consequently, I would hold that a complaint filed in response to an R.C. 5715.19(B) complaint stands as an independent complaint. However, I concur with the dismissal of C.I.A.'s complaint because it was the second filing within the interim period.

PFEIFER, J., concurs in the foregoing opinion.

_____