**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Licking Hts. Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-3255.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3255

LICKING HEIGHTS LOCAL SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; CK AT BROAD, L.L.C./CK PROPERTY GROUP, L.L.C., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Licking Hts. Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-3255.]**

*Taxation—Real-property valuation—Voluntary dismissal of complaint filed under R.C. 5715.19(A) did not retroactively invalidate complaint filed under R.C. 5715.19(B)—Although complaint filed under R.C. 5715.19(A) challenged value of land only, board of revision and Board of Tax Appeals had jurisdiction to consider claim, set forth in complaint filed under R.C. 5715.19(B), for increased value of both land and improvements.*

(No. 2016-0904—Submitted April 24, 2018—Decided August 15, 2018.)

APPEAL from the Board of Tax Appeals, Nos. 2015-1448.

————————————

**Per Curiam.**

{¶ 1} This is a real-property-tax case on appeal from a decision of the Board of Tax Appeals ("BTA"), in which the BTA adopted the property value stated in an appraisal report presented by appellee Licking Heights Local Schools Board of Education ("BOE"). On appeal, the property owner, appellant, CK at Broad, L.L.C./CK Property Group, L.L.C. ("CK at Broad"), raises two jurisdictional challenges to the decision below. CK at Broad argues that its withdrawal of the complaint it originally filed for tax year 2011 deprived appellee Franklin County Board of Revision ("BOR") of jurisdiction to proceed on the BOE's countercomplaint. In the alternative, CK at Broad argues that the BOR's jurisdiction was limited to consideration of the land value, because CK at Broad's original complaint contested the value of the land and not the value of the improvements. We disagree with both arguments, and we therefore affirm the BTA's decision.

## I. Background

{¶ 2} CK at Broad initiated this case by filing, on March 29, 2012, a complaint challenging the 2011 value of the subject property's land, but not the building constructed thereon. The BOE responded by filing its countercomplaint on May 20, 2012. At the BOR hearing, CK at Broad's counsel explained that he had filed the complaint challenging only the value of the land based on the mistaken assumption that the Franklin County auditor had assessed more land than was actually part of the parcel.

{¶ 3} In fact, counsel discovered, all the land assessed was part of the parcel as of January 1, 2011. As counsel explained, a property split was performed in November 2011, under which 5.966 acres of land was transferred to neighboring parcels, leaving only 1.154 acres for the parcel at issue, on which the building—a bank—was situated. For that reason, counsel withdrew the complaint in 2014.

**{¶ 4}** The BOE decided, however, to proceed to seek a value increase through its countercomplaint. On April 7, 2015, the BOR held a hearing and declared that it would exercise jurisdiction to determine the property's value for tax years 2012, 2013, and 2014, as well as 2011. CK at Broad presented the two jurisdictional arguments which are again presented in this appeal: (1) that the case may not proceed on the countercomplaint once the complaint has been withdrawn and (2) that even if it can, the countercomplaint can place no more at issue than did the complaint, with the result that the case involves a land-only challenge.

**{¶ 5}** The BOE presented the appraisal report and testimony of its appraiser, Thomas Sprout, and CK at Broad defended with the testimony and report of its appraiser, Samuel Koon, as to a land value for 2012. Counsel also placed into the record a 2011 land appraisal by Koon, which had been based on the erroneous understanding of the acreage to be assessed.

**{¶ 6}** The BOR convened on August 7, 2015, to decide the case. Relying on the premise that "it's land value that was actually in question," the BOR adopted Sprout's land value, $2,625,000, for 2011, while retaining the building value at the auditor's original valuation of $716,800, for a total value of $3,341,800 (a reduction from the $3,485,000 original total value determined by the auditor). Using a similar premise for 2012, 2013, and 2014, the BOR compared Koon's 2012 value for the 1.154 acres of land with the auditor's original land value of $804,300, and retained the auditor's original land value added to the auditor's value for the building of $716,800, for a "no change" total value of $1,521,100.

**{¶ 7}** The BOE appealed to the BTA, which considered the case on the record of the BOR proceedings. Although the BTA agreed with the BOR that there was jurisdiction to hear the case under the countercomplaint alone, the BTA held, contrary to the holding of the BOR, that both land and improvement value was at issue under the countercomplaint. The BTA adopted Sprout's appraisal values of

$4,300,000 for 2011 and $2,700,000 for 2012 and 2013. CK at Broad has appealed, challenging the jurisdiction of the BTA to have so ruled.[1]

## II. Analysis

### The voluntary dismissal of a complaint filed under R.C. 5715.19(A) does not retroactively invalidate a complaint filed under R.C. 5715.19(B)

{¶ 8} R.C. 5715.19(A) provides for the filing of complaints to challenge property values by March 31 of the year after the assessment year. When such a complaint has been filed and the taxable value at issue is $17,500 or more, R.C. 5715.19(B) provides for notice of such a filing to be given to the property owner (if the owner was not the complainant) and to the board of education. Within 30 days of receiving the notice, the notified person "may file a complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint or objecting to the current valuation." *Id*. Our case law refers to this provision as affording the notified person "the opportunity to file a countercomplaint and make itself a party to the proceedings." *2200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 135 Ohio St.3d 284, 2012-Ohio-5691, 986 N.E.2d 919, ¶ 1. And indeed, R.C. 5715.19(B) ends with the statement that "[u]pon the filing of a complaint under this division, the board of education or the property owner shall be made a party to the action."

{¶ 9} But although the official complaint form uses the term "countercomplaint," as does our case law, that word does not appear in the statute itself. Instead, both R.C. 5715.19(A) and 5715.19(B) authorize the filing of a "complaint." For that reason, we will refer to a complaint filed under division (A)

---

[1] Additionally, the BTA held that the BOR had improperly exercised jurisdiction over the determination of value for tax year 2014 inasmuch as the carryover should not apply to the triennial-update year. That ruling has not been appealed.

of R.C. 5715.19 as an "A complaint," and we will refer to a complaint filed under division (B) as a "B complaint."

{¶ 10} Using this terminology, the sequence of events in this case can be described as follows. First, CK at Broad filed an A complaint for tax year 2011 in March 2012. Next, while the A complaint was still pending, the BOE filed a B complaint for tax year 2011 in May 2012. For a period of time, both the A complaint and the B complaint were pending. Then, CK at Broad decided to dismiss its A complaint, while the BOE decided to seek an increase in value under its B complaint. CK at Broad argues that the voluntary dismissal of its A complaint divested the BOR and the BTA of jurisdiction to conduct proceedings under the B complaint.

{¶ 11} In support of its position, CK at Broad cites *C.I.A. Properties v. Cuyahoga Cty. Aud.*, 89 Ohio St.3d 363, 731 N.E.2d 680 (2000). In that case, a board of education filed an A complaint and a property owner filed a B complaint. But the board of education's A complaint was submitted on behalf of the board by an officer who was not a lawyer. As a result, the A complaint failed to invoke the board of revision's jurisdiction. *Id.* at 365, citing *Sharon Village, Ltd. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 479, 678 N.E.2d 932 (1997). Regarding the board of revision's jurisdiction over the property owner's B complaint, we stated:

> When a complaint filed with a board of revision pursuant to former R.C. 5715.19(A) is dismissed because it is jurisdictionally defective, a counter-complaint filed pursuant to R.C. 5715.19(B) must also be dismissed because the counter-complaint does not vest a board of revision with jurisdiction independent of the original complaint.

*C.I.A.* at syllabus.

**{¶ 12}** CK at Broad argues that our reasoning in *C.I.A.* means that even a voluntary dismissal deprives a B complaint of its jurisdictional basis. On the other hand, the BOE contends that *C.I.A.* turned on the failure of the original complaint to invoke the board of revision's jurisdiction.

**{¶ 13}** There is much in the *C.I.A.* decision to support CK at Broad's position on this issue. The syllabus states that the B complaint vests a board of revision with no "jurisdiction independent of the original complaint," and, citing R.C. 5715.19(B), the opinion states that "[t]he sole function of the counter-complaint * * * is to address the issues raised in a complaint filed pursuant to R.C. 5715.19(A)," *C.I.A.* at 366. These aspects of the decision militate toward concluding that a B complaint is not only dependent on the jurisdictional validity of the A complaint but on its continued pendency as well.

**{¶ 14}** That said, the present appeal does address a very different situation from that in *C.I.A.* Undoubtedly, *C.I.A.* is controlling authority in a case in which the A complaint is jurisdictionally defective, and we have no trouble concluding that by extension, a voluntary dismissal of an A complaint *before the filing of a B complaint* would also remove the jurisdictional basis for the filing of the B complaint. In both of those situations, the A complaint's jurisdictional validity and pendency *at the time the B complaint is filed* is a jurisdictional prerequisite to the validity of the B complaint. But neither of those situations confronts us here.

**{¶ 15}** Applying *C.I.A.* to the present situation would require a significant further step that we do not think is justified by the language and purpose of R.C. 5715.19(B). In this regard, we amend our statement in *C.I.A.* that the "sole function" of a B complaint is to address the issues raised in the A complaint. 89 Ohio St.3d at 366, 731 N.E.2d 680. The very language of R.C. 5715.19(B) that we cited in *C.I.A.* cuts against the categorical character of that statement, because the statute not only authorizes a B complaint to support or object to the claim set forth in the "previously filed complaint," but it also explicitly authorizes a B complaint

6

to "object[ ] to the current valuation." In other words, R.C. 5715.19(B) empowers the new complainant to challenge the current assessed value based on its own theory, independent of any argument advanced by the party that filed the A complaint.

{¶ 16} In this case, the BOE advanced its own independent objection to the auditor's original valuation, which it supported with appraisal evidence, and R.C. 5715.19(B) authorized that action by permitting a B complainant to "object[ ] to the current valuation." Although *C.I.A.* draws a parallel to civil procedure, the issue before us presents the purely statutory question whether the administrative tribunals have authority to conduct proceedings on the BOE's objection. In a related context, we have held that jurisdiction over a valuation complaint should be determined in light of the facts and circumstances *as of the point in time that the complaint is filed*, with the result that later events will not be given the effect of retroactively invalidating the complaint. *Soyko Kulchystsky, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 141 Ohio St.3d 43, 2014-Ohio-4511, 21 N.E.3d 297, ¶ 29-30. This rule is in keeping with the practice of the federal courts, where a determination of jurisdiction based on diversity of citizenship focuses on the time of filing of the complaint, to the exclusion of later developments, *Pilling v. Virginia Property and Cas. Co.*, 95 Fed.Appx. 126, 128 (6th Cir.2004), quoting *Freeport McMoRan, Inc. v. K.N. Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) ("it is well established that 'diversity of citizenship is assessed at the time the action is filed,' and subsequent action including substitution of parties does not defeat jurisdiction").

{¶ 17} We apply the time-of-filing doctrine to this case, and accordingly, we conclude that the voluntary dismissal of the A complaint long after the B complaint had been filed did not deprive the BOR and the BTA of jurisdiction to consider the BOE's claim, in the B complaint, for an increased value. Unlike the jurisdictional defect in the A complaint in *C.I.A.*, the voluntary dismissal of the A

complaint by the owner in this case was not a circumstance in existence at the time the B complaint was filed; as a result, it had no jurisdictional impact on the validity of the B complaint.

**The administrative tribunals' jurisdiction under the BOE's complaint was not limited to determining land value**

{¶ 18} CK at Broad argues that even if the BOR retained jurisdiction over the countercomplaint, its jurisdiction under the B complaint was limited to determining the land value, because the A complaint on its face contested only the land value. We disagree.

{¶ 19} R.C. 5715.19(A)(1)(d) authorizes a complaint to challenge "the total valuation or assessment of any parcel that appears on the tax list." And as discussed, R.C. 5715.19(B) carries that authorization to the B complaint by permitting it to "object[ ] to the current valuation." It is true that the prescribed complaint form calls for the complainant to specify its claim for an increase or decrease in value, and in this case CK at Broad as complainant did focus on a claim for a reduction of land value. But the complaint process invokes a board of revision's jurisdiction over the entire valuation and assessment of the parcel. *See Blatt v. Hamilton Cty. Bd. of Revision*, 123 Ohio St.3d 428, 2009-Ohio-5260, 916 N.E.2d 1065, ¶ 20 (R.C. 5715.19(A) "explicitly places the total value of the property (both land and improvements) at issue in an appeal of valuation"). Applying this principle, the BTA has consistently declined to confine its determination to the value of the land or the value of the improvements at the complainant's behest. *See Soin v. Greene Cty. Bd. of Revision*, BTA No. 2004-V-490, 2005 WL 2699285, *3 (Oct. 7, 2005), *aff'd*, 110 Ohio St.3d 408, 2006-Ohio-4708, 853 N.E.2d 1165, ¶ 9 (property owner, who complained of overvaluation of improvements but not land, suffered an overall increase in value when the board of revision and the BTA decreased the value of improvements but increased the value assigned to the land); *see also Heskett v. Ross Cty. Bd. of Revision*, BTA No. 2002-

M-2107, 2003 WL 22417535, *3 (Oct. 17, 2003); *Amsdell v. Cuyahoga Cty. Bd. of Revision*, BTA No. 1993-M-1336, 1994 Ohio Tax LEXIS 1896, *8-9 (Nov. 14, 1994).

{¶ 20} This approach accords with the broader doctrine that the claim of value set forth in the original complaint does not limit the scope of the tribunal's determination of property value. The BTA's statutory duty in an appeal from a board of revision is to determine value. R.C. 5717.03(B); *Jakobovitch v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 187, 2017-Ohio-8818, 94 N.E.3d 519, ¶ 25. Moreover, "it is settled that 'when performing an independent valuation, the BTA is not bound by the values advocated by the parties.' " *Huber Hts. City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 152 Ohio St.3d 182, 2017-Ohio-8819, 94 N.E.3d 515, ¶ 17, quoting *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 28; *accord Jones & Laughlin Steel Corp. v. Lucas Cty. Bd. of Revision*, 40 Ohio St.2d 61, 63, 320 N.E.2d 658 (1974) (rejecting the appellate court's holding that the reduction ordered is "limited to the valuation claimed in the taxpayer's initial complaint"). And finally, the absence of jurisdictional constraints on the finder of fact explains why complainants before the boards of revision often amend their complaints and advance a different claim at hearing from that set forth in the original complaint. *See, e.g.*, *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 324, 2015-Ohio-3633, 43 N.E.3d 387, ¶ 12, 15; *Health Care REIT, Inc. v. Cuyahoga Cty. Bd. of Revision*, 140 Ohio St.3d 30, 2014-Ohio-2574, 14 N.E.3d 1009, ¶ 8, 15, 76.

{¶ 21} The cases CK at Broad relies upon are inapposite. Both *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, and *Polaris Amphitheatre Concerts, Inc. v. Delaware Cty. Bd. of Revision*, 118 Ohio St.3d 330, 2008-Ohio-2454, 889 N.E.2d 103, involve a limitation on this court's appellate jurisdiction, *not* a limitation on the jurisdiction of the boards of revision or the BTA, to determine both land and

improvement value. The reasoning of those decisions depends upon the peculiarities of former R.C. 5717.04, 2016 Am.Sub.H.B. No. 384, the statute that authorized appeal from the BTA to the court. Indeed, in *Polaris* we drew this very distinction between R.C. 5715.19 and former R.C. 5717.04. *Polaris* at ¶ 5.

{¶ 22} For these reasons, we hold that the BOR and the BTA had jurisdiction to consider the BOE's claim for increased value pursuant to its "B complaint" and that the determination of value under that complaint was not limited to the value of the land.

### IV. Conclusion

{¶ 23} For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by DEGENARO, J.

_____

**O'DONNELL, J., dissenting.**

{¶ 24} Respectfully, I dissent.

{¶ 25} When a property owner files a R.C. 5715.19(A) complaint challenging a land valuation and a board of education files a complaint pursuant to R.C. 5715.19(B), if the property owner withdraws the "A" complaint, the board of revision must dismiss the "B" complaint because it does not vest the board of revision with jurisdiction independent of the original R.C. 5715.19(A) complaint.

### Facts and Procedural History

{¶ 26} In March 2012, CK at Broad, L.L.C./CK Property Group, L.L.C., filed a complaint seeking a reduction in the value of certain land in Franklin County for tax year 2011 but not the value of a building on it, and in May 2012, Licking Heights Local Schools Board of Education ("BOE") filed a countercomplaint seeking to retain the auditor's valuation of both the land and the building.

10

{¶ 27} In 2014, CK at Broad withdrew its complaint, and thereafter, the BOE maintained it had the right to pursue an increase in the value of the entire property through its complaint. CK at Broad argued that Franklin County Board of Revision ("BOR") lacked jurisdiction to proceed on the BOE complaint because CK at Broad had withdrawn its complaint and even if the BOR had jurisdiction, it was limited to considering only the value of the land. The BOR concluded it had jurisdiction to determine the value of the land for tax years 2011, 2012, 2013, and 2014; it then reduced the auditor's land valuation for tax year 2011 and retained the auditor's land valuation for 2012, 2013, and 2014.

{¶ 28} The BOE appealed, and the Board of Tax Appeals ("BTA") concluded that "the BOR properly exercised jurisdiction over the BOE's countercomplaint" but "improperly disregarded the appraised values offered for the subject improvements by the BOE." The BTA increased the value of the property for tax years 2011, 2012, and 2013 but determined that the BOR lacked jurisdiction to determine the value for tax year 2014 for reasons unrelated to this appeal.

### Law and Analysis

{¶ 29} R.C. 5715.19(A)(1) authorizes "[a]ny person owning taxable real property in the county," "the board of education of any school district with any territory in the county," and others to file a complaint to challenge a property value determination "on or before the thirty-first day of March of the ensuing tax year." R.C. 5715.19(B) provides that if a complaint is filed and "the stated amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars," the auditor shall "[w]ithin thirty days after the last date such complaints may be filed" give notice of the complaint to the property owner if the owner did not file it and "to each board of education whose school district may be affected by the complaint." Within 30 days after receiving that notice, the owner or board of education "may file a complaint in support of or objecting to the amount of alleged

overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint or objecting to the current valuation" and "be made a party to the action." *Id.*

{¶ 30} In *C.I.A. Properties v. Cuyahoga Cty. Aud.*, 89 Ohio St.3d 363, 365, 731 N.E.2d 680 (2000), this court considered whether a complaint "filed with a county board of revision pursuant to R.C. 5715.19(B) creates independent jurisdiction in a county board of revision if the original complaint is jurisdictionally defective." We held:

> When a complaint filed with a board of revision pursuant to * * * R.C. 5715.19(A) is dismissed because it is jurisdictionally defective, a counter-complaint filed pursuant to R.C. 5715.19(B) must also be dismissed because the counter-complaint *does not vest a board of revision with jurisdiction independent of the original complaint*.

(Emphasis added.) *Id.* at syllabus.

{¶ 31} Although the majority acknowledges that "[t]here is much in the *C.I.A.* decision to support" the position that the withdrawal of a R.C. 5715.19(A) complaint divests a board of revision of jurisdiction to proceed on a R.C. 5715.19(B) complaint, majority opinion at ¶ 13, the majority fails to adhere to our precedent. Instead, it states:

> In a related context, we have held that jurisdiction over a valuation complaint should be determined in light of the facts and circumstances *as of the point in time that the complaint is filed*, with the result that later events will not be given the effect of retroactively invaliding the complaint. *Soyko Kulchystsky, L.L.C. v. Cuyahoga*

> *Cty. Bd. of Revision*, 141 Ohio St.3d 43, 2014-Ohio-4511, 21 N.E.3d
> 297, ¶ 29-30.

(Emphasis sic.) Majority opinion at ¶ 16. And the majority concludes that *C.I.A.* does not apply because "[u]nlike the jurisdictional defect in the A complaint in *C.I.A.*, the voluntary dismissal of the A complaint by the owner in this case was not a circumstance in existence at the time the B complaint was filed * * * ." Majority opinion at ¶ 17.

{¶ 32} However, the timing of the dismissal of the A complaint does not alter the fact that pursuant to *C.I.A.*, a B complaint does not vest the board of revision with any jurisdiction independent of the A complaint. This case is controlled by our decision in *C.I.A.*

{¶ 33} Moreover, the facts and the holding of *Soyko Kulchystsky* are distinguishable. That case involved R.C. 5715.19(A)(2), which prohibits a person from filing a complaint against a valuation of property if the person has already filed a complaint against the valuation for "any prior tax year in the same interim period," unless an exception applies. We held that "the applicability of R.C. 5715.19(A)(2)(a) should be determined as of the date the second-filed complaint was filed," in part because such a holding "most fully comports with the language" of the statute, which "suggests that compliance should be determined as of the time of filing." *Soyko Kulchystsky* at ¶ 30-31. *Soyko Kulchystsky* did not address the viability of a B complaint following the dismissal of an A complaint, and the majority points to no language in R.C. 5715.19(B) that suggests a complaint filed pursuant to that provision survives the dismissal of the sole complaint that invoked the jurisdiction of the board of revision.

{¶ 34} Here, CK at Broad filed a complaint pursuant to R.C. 5715.19(A), thereby invoking the jurisdiction of the BOR. The BOE did not exercise the right to file a complaint pursuant to that provision and independently invoke the

jurisdiction of the BOR, but instead, it filed a R.C. 5715.19(B) complaint, which pursuant to *C.I.A.* did not vest the BOR with jurisdiction independent of the original complaint. Therefore, when CK at Broad withdrew its complaint, the BOR should have dismissed the BOE's complaint, and the BTA erred in concluding otherwise.

**{¶ 35}** Accordingly, I would reverse the decision of the BTA and reinstate the auditor's valuations for tax years 2011, 2012, and 2013.

DEGENARO, J., concurs in the foregoing opinion.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kimberly G. Allison, for appellee Licking Heights Local Schools Board of Education.

Sleggs, Danziger & Gill, Co., L.P.A., and Todd W. Sleggs, for appellant.

_____