[Cite as *Zeller-401 FX TIC, L.L.C. v. Franklin Cty. Bd. of Revision*, 2021-Ohio-1504.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Zeller-401 FX TIC LLC et al., | : | |
| Appellants-Appellants, | : | No. 20AP-334 |
| | | (C.P.C. No. 19CV-7408) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Franklin County, Ohio | : | |
| Board of Revision et al., | | |
| | : | |
| Appellees-Appellees. | | |
| | : | |

---

D E C I S I O N

Rendered on April 29, 2021

---

**On brief:** *Taft, Stettinius & Hollister LLP*, and *Stephen M. Griffith, Jr.,* for appellants. **Argued:** *Stephen M. Griffith, Jr.*

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *William J. Stehle*, for appellee Franklin County Auditor and Board of Revision; *Rich & Gillis Law Group, LLC*, and *Karol C. Fox*, for appellee Board of Education of the Groveport Madison Local Schools. **Argued:** *Karol C. Fox.*

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Appellants, Zeller-401 FX TIC LLC and Zeller-FX TIC LLC, appeal from the June 1, 2020 decision and entry from the Franklin County Court of Common Pleas affirming the August 14, 2019[1] decision from appellee Franklin County Board of Revision ("Board") related to the valuation for real property tax purposes of a parcel of real estate

---

[1] The notice of appeal in this case indicates it is appealing the August 14, 2019 decision of the Franklin County Board of Revision. The record of this case contains the August 14, 2019 decision of the Board; however, the common pleas court's June 1, 2020 decision and entry indicates that the matter before the court is the appeal of a January 31, 2018 decision of the Board.

located at 6840 Pontius Road, Groveport, Ohio in Franklin County, Ohio. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} The property located at 6840 Pontius Road and at issue herein was the subject of a recent decision rendered by this court on September 29, 2020 involving the Board's decisions resolving complaints challenging the property values assessed by appellee, Franklin County Auditor ("Auditor"), for tax years 2016 and 2017 for the properties located at 6840 Pontius Road and 7070 Pontius Road and for tax year 2017 for the property located at 6606 Pontius Road. *G&I IX 6840 Pontius, L.L.C. v. Franklin Cty. Bd. of Revision,* 10th Dist. No. 19AP-661, 2020-Ohio-4660. Briefs in the instant matter were filed prior the decision in *G&I IX 6840 Pontius*, however a notice of supplemental authority was filed with this court on December 7, 2020 noticing the authority of *G&I IX 6840 Pontius*. The holding of *G&I IX 6840 Pontius* and applicability to the instant matter will be discussed as it applies within the relevant assignment of error. The tax year at issue before us now is 2018.

{¶ 3} The Auditor assessed the total value of the 6840 Pontius Road property for tax year 2018 as $14,500,000. The Auditor allocated this total value as $3,049,200 in land, $560,800 in taxable improvements, and $10,890,000 in improvements exempt from real property taxation. Appellee Board of Education of the Groveport Madison Local Schools ("Groveport Madison") filed a complaint on March 21, 2019 with the Board, BoR No. 18-900760, asserting the total value of 6840 Pontius Road should be increased to $31,600,000 due to a recent arm's-length sale of the property on March 8, 2018.

{¶ 4} Appellants filed a counter-complaint on May 28, 2018 seeking to establish the fair market value of the land as $2,422,000, rather than the Auditor's assessed value of $3,049,200, a proposed decrease of $627,200. Appellants further cross complained that the Auditor's assessed taxable improvements of $560,000 should be considered tax exempt. In support, appellants argued that all improvements should be deemed tax exempt pursuant to a community reinvestment area ("CRA") real property tax exemption granted by the city of Groveport.

{¶ 5} The complaints were heard before the Board on July 30, 2019. At the hearing, appellants agreed that the total value of the property is $31,600,000, but disputed how to allocate that value to the land. In support of their position, appellants presented testimony and an appraisal report from certified real estate appraiser Martin Hunter regarding the fair market value of the land portion of the property. Hunter testified his "assignment was to appraise the land vacant and free and clear and ready for development as vacant land." (Tr. at 14.) Thus, Hunter appraised the land value of the property only and did so as if the land was vacant and concluded that the value of the land for the 2018 tax year was the same as Hunter provided for the 2017 tax year. Hunter did not offer any appraisal of the value of improvements or the total fair market value of the property. Appellants requested the Board allocate the land portion of the total value of the property in accordance with Hunter's appraisal. Appellants further requested the Board determine all the improvements to be exempt from real property taxation.

{¶ 6} In a session on August 9, 2019, the Board rendered a decision stating "[w]e do not find the appraisal to reallocate the land based on the sale to lower the land and increase the abated amount a reasonable cause." (Tr. at 29.) The Board furthered: "that being said, the Auditor would recommend the sale price of 31,600,000, with the land allocated as it was originally, and the improvements, the increase will go to the improvements, and the 560,800 will remain taxable." (Tr. at 29-30.) Representatives for the Franklin County Auditor, Franklin County Commissioner, and Franklin County Treasurer agreed. Notice of the decision was sent by letter dated August 14, 2019.

{¶ 7} Appellants filed a timely notice of appeal on September 11, 2019 in the common pleas court pursuant to R.C. 5717.05. In the common pleas court, appellants conceded the Board's increase in the total value of the land to $31,600,000, but requested the court determine the fair market value of the land to be $2,422,000 and the remaining $29,178,000 be allocated to improvements. Appellants argued that the total $29,178,000 should be exempt from real property taxation as part of the city of Groveport CRA pursuant to R.C. 3735.67. By e-mail dated May 22, 2020, the parties informed the common pleas court they would stipulate to the admissibility of two documents and there was no need to submit additional evidence. The stipulated admissible evidence included a certified

property record from the Auditor and "Certification by City of Groveport, Ohio of the project at 6840 Pontius Road meets the requirements of the community reinvestment program in the City of Groveport." (Stip. of Admissible Evid. at 1.)

{¶ 8} On June 1, 2020, the common pleas court affirmed the decision of the Board agreeing with Groveport Madison's arguments. Appellants have filed a timely notice of appeal.

## II. Assignments of Error

{¶ 9} Appellants assign the following two assignments of error for our review:

> [I.] THE TRIAL COURT ERRED BY DETERMINING THAT APPELLANTS HAD NOT DEMONSTRATED THAT THE FAIR MARKET VALUE OF THE LAND AT ISSUE IN THIS CASE WAS LESS THAN SUCH LAND'S ASSESSED VALUE.
>
> [II.] THE TRIAL COURT ERRED BY DETERMINING THAT THE AUDITOR COULD ASSESS AS TAXABLE IMPROVEMENTS THAT A HOUSING OFFICER HAD DETERMINED WERE EXEMPT UNDER REVISED CODE SECTION 3735.67.

## III. Analysis

## A. Standard of Review

{¶ 10} Under R.C. 5717.05, a party may appeal a decision from a county Board of revision directly to the common pleas court. In an appeal pursuant to R.C. 5717.05, " '[t]he court of common pleas should consider the evidence heard by the board of revision, any additional evidence heard at the court's discretion, and apply its independent judgment to determine the taxable value of the subject property.' " *6800 Avery Rd., L.L.C. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 17AP-363, 2018-Ohio-822, ¶ 10, quoting *Kaiser v. Franklin Cty. Auditor*, 10th Dist. No. 10AP-909, 2012-Ohio-820, ¶ 9, citing *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14 (1985); *see also Tall Pines Holdings, Ltd. v. Testa*, 10th Dist. No. 04AP-372, 2005-Ohio-2963, ¶ 18 ("[A] trial court's analysis of the evidence should be thorough and comprehensive. This review ensures that a court's final determination is not a mere rubber stamping of the Board of Revision's determination, but rather an independent investigation and complete reevaluation of a Board of Revision's value determination."). " 'Upon further appeal to this court, our review is limited to a

determination of whether the court of common pleas abused its discretion in determining the matter.' " *6800 Avery* at ¶ 10, quoting *Kaiser* at ¶ 9; *see also Black* at 14 ("The independent judgment of the trial court should not be disturbed absent a showing of abuse of discretion.").

{¶ 11} An abuse of discretion occurs where a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard. *Porter, Wright, Morris & Arthur, L.L.P. v. Frutta Del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, ¶ 11. An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness. *Id.*

**B. First Assignment of Error: Appellants Failed to Present Competent and Probative Evidence to Support Appellants' Requested Reduction in Land Value**

{¶ 12} In their first assignment of error, appellants assert the common pleas court erred when it determined that appellants had not demonstrated the fair market value of the land at issue in this case was less than the land's assessed value.

{¶ 13} Before the Board, appellants sought a reduction in the land value of the property located at 6840 Pontius Road. In support of its position before the Board, appellants presented the testimony of Hunter, a certified general appraiser with the state of Ohio. Hunter testified the land value of the property was $2,422,000, rather than the assessed land value as determined by the Auditor, $3,049,200. Hunter's testimony was based on his retrospective appraisal report. Prior to the start of testimony, counsel for appellants noted Hunter's appraisal report was the same report submitted for the 2017 case and Hunter was present before the Board to provide an update to his report. Hunter clarified that although his report was dated January 1, 2017, he performed the appraisal for the 2017 lien date in 2018. The record reflects Hunter's report was provided to appellants' counsel on July 11, 2018. Ultimately, Hunter's opinion of the land value for the 2018 lien date was the same opinion he had provided for the 2017 lien date.

{¶ 14} Hunter's report did not provide a total fair market value of the property for the tax year in question or value as to the land as it then existed. Upon questioning from the Board, Hunter admitted he was not familiar with the recent sale of the property in March 2018. Regarding his appraisal, Hunter testified he was asked to "appraise the land [as if it were] vacant and free and clear and ready for development as vacant land." (Tr. at 14.) In doing so, Hunter appraised what he determined to be the useable land, assigning no value to what was deemed by Hunter as unusable land. A board member noted the land in question had improvements and asked Hunter about the value those improvements would have to the land. Hunter declined to answer, stating that when asking an appraiser to value land, the appraiser values the raw land that will support the improvements. However, Hunter acknowledged that according to his appraisal report, he determined the highest and best use of the property to be as improved.

{¶ 15} Appellants argue Hunter's appraisal was consistent with the standards for determining the value of land under Ohio Adm.Code 5703-25-11. Appellants assert the common pleas court acted unreasonably in the following ways: disregarding Hunter's appraisal testimony and evidence, adopting the arguments presented by Groveport Madison that were unsupported by evidence or authority, and by not providing the evidence that was considered in reaching its value determination. Finally, appellants argue:

> Because (i) neither the BOR nor the BOE advanced reasons grounded in applicable law or the evidence before the BOR for disregarding Zeller's appraisal testimony and evidence, and (ii) the Trial Court adopted the BOE's arguments that are not supported by any evidence or authority in order to conclude Zeller's appraisal testimony and evidence is insufficient to prove the decrease in land value that Zeller seeks, the Trial Court's decision regarding that issue is unreasonable. The Trial Court also did not state what evidence it considered relevant in reaching its value determinations other than citing the BOE's arguments.

(Appellants' Brief at 9-10.)

{¶ 16} The complaint process under R.C. 5715.19 "invokes a board of revision's jurisdiction over the entire valuation and assessment of [a] parcel." *Licking Hts. Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 154 Ohio St.3d 157, 2018-Ohio-3255,

¶ 19. The Board is not required to confine its determination to the value of land or the value of improvements at the request of a complaining party. *Id.*

{¶ 17} The Board rendered a decision in a session on August 9, 2019, finding:

> This case was heard July 30th at [sic] 2019. The Board of Education filed the original complaint on the basis of a sale in the amount of $31,600,000 that occurred in close proximity to tax lien date.
>
> An attorney on behalf of the owner, as well as Mr. Martin Hunter, a certified general appraiser, were here on behalf of the ownership.
>
> They testified that the highest and best of this really is as vacant. They felt that the land value was too high, and they also felt that the improvement value of 560,800 should be abated.
>
> Mr. [Hunter] did an appraisal on the land as it stood; however, we explained, first of all, that the improvements, or OBY, paving, and fencing, et cetera, the 560,800, does not qualify to be abated, therefore it will remain taxable.
>
> We do not find the appraisal to reallocate the land based on the sale to lower the land and increase the abated amount a reasonable cause.
>
> With that being said, the Auditor would recommend the sale price of 31,600,000, with the land allocated as it was originally, and the improvements, the increase will go to the improvements, and the 560,800 will remain taxable.

(Tr. at 29-30.)

{¶ 18} Groveport Madison argues Hunter's testimony and appraisals were insufficient to satisfy the burden of proving that the Auditor's allocations of the *total* property values were incorrect. Groveport Madison supports its argument by pointing out that Hunter's appraisal only assessed the value of the land portion of each property and was not sufficiently reliable because the appraisal was not as of the tax lien date and was based on sales of vacant, unimproved land that were not truly comparable to the subject property.

{¶ 19} The common pleas court stated in its recitation of facts:

> The Appellants offered the testimony of their expert concerning value. The Appellants actually do not take issue

with the 31 million-dollar value. They merely believe that the allocation of the value should be made in a way that minimizes their taxable obligation. The record of the hearing noted that the same property had been the subject of a prior 2016 hearing wherein the Appellants had requested that the Board allocate a value to the land separate and apart from the total value of the property. (Tr.Hr., p. 6[)]

At the hearing Mr. Hunter, on behalf of the Appellants, testified that the land value of the Property- based on his usable acreage theory - was $2,422,000.00 as of January 1, 2017 and 2018. (Hr.Tr., p. 12) The value of the improvements and whether the improvements were in fact taxable was debated. However, Mr. Hunter acknowledged that his comparable sales were vacant land sales. (Hr.Tr., p. 13, line 22 - 24.)

(Decision and Entry at 2-3.)

{¶ 20} The common pleas court then acknowledged the arguments made by appellants before the Board and before the court as to the value of the land portion of the property and as to the tax exempt nature of the improvements portion of the property. The court also quoted Ohio Adm.Code 5703-25-07 on which appellants rely to support their argument that land and improvements should be valued separately and the method for appraising true value.

{¶ 21} The common pleas court then summarized the applicable law. The court noted the burden of proof is on the party requiring the increase or decrease in the property value. (Decision and Entry at 3, citing *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 68 Ohio St.3d 336 (1994).) The court quoted R.C. 5717.05 and the standard of review the court must apply pursuant thereto; that R.C. 5717.05 contemplates a decision de novo and a thorough and comprehensive analysis of the evidence. The court finally noted that the property owner must establish by probative and competent evidence that the Board's decision was in error. The court noted that "within [this] framework" it would address the issues raised on appeal. (Decision and Entry at 6, citing *Cincinnati v. Hamilton Cty. Bd. of Revision*, 69 Ohio St.3d 301, 303 (1994).)

{¶ 22} After providing the legal framework, the common pleas court addressed the issues presented by appellants. First, the court acknowledged the Board was within its right to reject the value of the land which was presented by Hunter as undeveloped land and

valued at $2,422,000. Next, the court countered appellants contention that appellants were the only party to present evidence as to the value of the property by recognizing that Groveport Madison presented the best evidence of value through a recent arms-length transaction. It appears the court agreed with Groveport Madison's position that appellants bore the burden to prove the Auditor's original value was not only incorrect, but if incorrect, what was the right amount. The common pleas court found appellants presented value as to the land only and found this to be insufficient. Lastly, the court noted the burden was always on appellants and observed that Hunter never gave testimony as to the value of the land as it existed during the relevant tax year. The legal analysis employed by the common pleas court makes clear that the court views Hunter's testimony and evidence as flawed and appellants failed to provide argument on appeal that would convince the court otherwise.

{¶ 23} The court concluded:

> This Court – after a review of the arguments, stipulations and certified record – agrees with Groveport and **AFFIRMS** the Board's decision.
>
> This Court, after a thorough, independent and comprehensive review of the evidence and arguments of the parties, **AFFIRMS** the [Board's decision].

(Emphasis sic.) (Decision and Entry at 7.)

{¶ 24} We observed in *G&I IX 6840 Pontius* that a party appealing a board of revision's decision bears the burden of proving its right to the change in value sought and must present competent and probative evidence supporting the value asserted. *G&I IX 6840 Pontius* at ¶ 24, citing *6800 Avery* at ¶ 11. *See also CABOT III-OH1M02, L.L.C. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 13AP-232, 2013-Ohio-5301, ¶ 26 ("When a party appeals a board of revision's decision, the appellant, whether a taxpayer or a board of education, bears the burden of proving its right to a reduction or increase in the board of revision's determination of value. To prevail on appeal, the appellant must present competent and probative evidence supporting the value the appellant asserts."). (Internal citations omitted.) As explained above, the common pleas court must apply its independent judgment to the evidence considered by the Board, and any additional evidence accepted by the court, and determine the taxable value of the property. *6800 Avery* at ¶ 10. Our

review is limited to determining whether the common pleas court abused its discretion in making that determination. *Id.*

{¶ 25} In this case, the common pleas court's recitation of facts, acknowledgment of both parties' arguments, summary of applicable law and legal analysis reflect that the court considered the testimony of Hunter and the appraisal. We do not find that references to Groveport Madison's arguments within the court's legal analysis reflect a lack of de novo review. The common pleas court addressed Hunter's testimony and appraisals, stated that it independently reviewed Hunter's testimony and appraisal report, however, the court agreed with the arguments of Groveport Madison and found the evidence was not sufficient to prove appellants' requested decrease in land value. *G&I IX 6840 Pontius* at ¶ 23. Thus, the common pleas court fulfilled its statutory duty to independently consider and weigh the record evidence and apply its independent judgment. Under these circumstances, we cannot find an abuse of discretion by the common pleas court. *See CABOT III-OH1M02* at ¶ 29-31.

{¶ 26} Accordingly, we overrule appellants' first assignment of error.

## C. Second Assignment of Error: Appellants Failed to Present Sufficient Evidence to Establish that all Improved Land was Tax Exempt

{¶ 27} In their second assignment of error, appellants argue the common pleas court erred by determining that the Auditor could assess as taxable improvements those improvements that a housing officer had determined were exempt under R.C. 3735.67.

{¶ 28} In addition to seeking a lower land value, appellants cross-complained to the Board that the Auditor's assessed taxable improvements of $560,000 should be considered tax exempt under the CRA real property tax exemption with the city of Groveport.

{¶ 29} Appellants argue the Auditor assessed certain improvements as taxable that were determined to be exempt by the housing officer of the city of Groveport. Appellants refer to the application for tax exemption submitted to the city of Groveport, stipulated by the parties as admissible evidence, to support their position that the improvements taxed by the Auditor are actually exempt under the CRA. Citing to R.C. 3735.67, appellants claim there is no legal basis for treating differently improvements from other structures for purposes of determining eligibility for tax exemption within a municipal CRA.

{¶ 30} Under R.C. 3735.67(A), the owner of real property located in a CRA and eligible for tax exemption under a municipal resolution describing the CRA may apply for exemption from real property taxation for a percentage of the value of a new structure or the increased value of a remodeled structure. The municipal resolution defining the CRA may limit the type of construction or renovation that will qualify for tax-exempt treatment:

> The legislative authority may stipulate in the resolution that only new structures or remodeling classified as to use as commercial, industrial, or residential, or some combination thereof, and otherwise satisfying the requirements of section 3735.67 of the Revised Code are eligible for exemption from taxation under that section. If the resolution does not include such a stipulation, all new structures and remodeling satisfying the requirements of section 3735.67 of the Revised Code are eligible for exemption from taxation regardless of classification.

R.C. 3735.66. Thus, as we noted in *G&I IX 6840 Pontius*, the eligibility of a property located within a CRA for tax exemption may depend on the terms of the resolution defining the CRA. *G&I IX 6840 Pontius* at ¶ 26-28.

{¶ 31} In *G&I IX 6840 Pontius*, this court held:

> In this case, appellants submitted a copy of the application for tax exemption under the CRA program for each property, showing approval by the city administrator for the city of Groveport. Appellants argue that because the city administrator certified new construction on the properties as tax exempt under the CRA program, the Auditor had no authority to classify a portion of the improvements to the property as taxable. The Board's valuation decision for each property adopted the Auditor's determination that a portion of the property's improved value was taxable. Appellants bore the burden of demonstrating to the common pleas court that they were entitled to the value change requested—i.e., having the entire improved value of each property treated as tax exempt. *6800 Avery* at ¶ 11. As set forth above, under R.C. 3735.66, the municipal resolution defining a CRA may limit what types of structures are eligible for tax exemption under a CRA program. Appellants did not submit copies of the municipal resolution describing the CRA where the properties were located; therefore, the common pleas court was unable to review that resolution and independently assess the Auditor's determination that some portion of the improvements to the

> properties were subject to taxation. Under these circumstances, we cannot conclude that the common pleas court abused its discretion by finding appellants failed to present sufficient evidence to establish the changes in value they sought.

*Id.* at ¶ 28.

{¶ 32} This court's holding in *G&I IX 6840 Pontius* applies here as well. Because appellants' failed to present the municipal resolution describing the CRA where the property is located, the common pleas court was unable to review the resolution and independently assess the Auditor's determination that some portion of the improvements to the property were subject to taxation.[2] *Id.*

{¶ 33} Accordingly, we overrule appellants' second assignment of error.

## IV. Conclusion

{¶ 34} For the foregoing reasons, we overrule appellants' two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and BROGAN, JJ., concur.

BROGAN, J., retired, formerly of the Second Appellate District, Assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

---

[2] The court notes that the Auditor's representative, board member Ms. Holdreith, reviewed the municipality agreement during the Board hearing; however, the agreement was not presented as evidence and was not available for review by the common pleas court. The record reflects there was some question by appellants' counsel as to the existence of the improvements on the property as it currently exists.