[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Beavercreek Towne Station, L.L.C. v. Greene Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4300.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4300

BEAVERCREEK TOWNE STATION, L.L.C., ET AL., APPELLANTS, *v.* GREENE COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Beavercreek Towne Station, L.L.C. v. Greene Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4300.]

*Real-property valuation—Standing—Property owner may authorize tenant to pursue tax appeal on property owner's behalf—Decision vacated and cause remanded.*

(No. 2016-1713—Submitted July 17, 2018—Decided October 25, 2018.)

APPEAL from the Board of Tax Appeals, Nos. 2015-1488, 2015-1496, and 2015-1544.

_____

**Per Curiam.**

{¶ 1} At issue in this property-tax appeal is the 2014 tax valuation of a shopping center consisting of five separate real-estate parcels. The auditor had assigned an aggregate value to the parcels of $22,233,850 as of the tax-lien date,

January 1, 2014. In October 2014, the center was sold as part of a "portfolio sale" along with other properties. A single conveyance-fee statement was filed for the five parcels allocating $47,479,830 to those parcels from the total amount paid under the sale agreement. Appellee Beavercreek City School District Board of Education ("school board") filed a valuation complaint, and at the school board's instigation, both appellee Greene County Board of Revision ("BOR") and the Board of Tax Appeals ("BTA") valued the individual parcels by reference to the aggregate price of $47,479,830. But the two boards differed in how they allocated the total to each of the five parcels.

{¶ 2} Appellant property owner, Beavercreek Towne Station, L.L.C., and one of its tenants, appellant Kohl's Illinois, Inc. (Kohl's Department Stores, Inc.), argue that because the properties were subject to leases, the sale price did not reflect what the buyers in the market would pay for the unencumbered real estate. Moreover, Beavercreek contends that the appraisals presented at the BTA show that the sale price does not reflect the property's unencumbered value as required by amended R.C. 5713.03. On appeal, Beavercreek argues that the BTA's failure to give proper consideration to the appraisal evidence calls for vacating its decision and remanding the cause on the recent authority of *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Rev*ision, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, and *Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2018-Ohio-1589, ___ N.E.3d ___. Additionally, Beavercreek and Kohl's contend that the BTA erred by excluding Kohl's as a party and excluding the appraisal evidence concerning the value of the Kohl's parcel.

{¶ 3} We agree that the BTA erred by excluding evidence offered to show the value of the Kohl's parcel, and we reverse that ruling. We also agree that the BTA's failure to fully consider the appraisal evidence calls for vacating the BTA's decision and remanding the cause pursuant to *Terraza 8* and *Bronx Park*.

## I. Proceedings before the BOR

{¶ 4} The auditor had valued all five parcels for tax year 2014, a reappraisal year in Greene County, at an aggregate value of $22,233,850; that valuation included assigning $5,606,900 to the Lowe's parcel and $6,197,150 to the Kohl's parcel.

{¶ 5} The proceedings before the BOR commenced when the school board filed a complaint against the 2014 valuation as to all five parcels, contending that their proper aggregate value was the 2014 sale price of $47,479,830, derived from the price set forth on a conveyance-fee statement for the five parcels that was filed on October 27, 2014.

{¶ 6} The BOR held a hearing attended by counsel for Beavercreek and the school board. The BOR adopted the sale price as the aggregate value of the five parcels and allocated it to the individual parcels by using the ratio of individual parcel value to aggregate value derived from the auditor's valuation. *See FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 4, 11, 20, 32, 35 (affirming allocation of aggregate sale price reported on conveyance-fee statement to individual parcels in accordance with each individual parcel's share of the original aggregate valuation by the auditor). The BOR issued five decision letters, each setting forth the amount of the sale price allocated to each particular parcel. The Lowe's parcel was valued at $11,973,400 and the Kohl's parcel at $13,233,800.

## II. Proceedings before the BTA

### A. The three appeals and the appraisal evidence

{¶ 7} Beavercreek, through attorney Ryan Gibbs, appealed the BOR's decision as to the Lowe's parcel to the BTA. Through attorney Karen Bauernschmidt, Beavercreek and its tenant Kohl's jointly appealed the BOR's decision as to the Kohl's parcel to the BTA. Finally, the school board filed a cross-appeal as to all five BOR decisions.

**{¶ 8}** The BTA consolidated the three appeals and held a hearing at which Beavercreek and Kohl's presented three appraisals prepared by Richard Racek Jr., MAI, while also offering Racek's supporting testimony. Racek's appraisal of the Lowe's parcel determined a 2014 value of $7,300,000, based on the sales-comparison and income-capitalization approaches. His appraisal of the Kohl's parcel determined a 2014 value of $5,930,000 based on the sales-comparison and income-capitalization approaches. And his appraisal of the remaining three parcels determined a 2014 value of $22,075,000 for those parcels based on the sales-comparison and income-capitalization approaches.

**{¶ 9}** Racek's aggregate valuation of the shopping center amounted to $35,305,000—well below the allocated portfolio sale price of $47,479,830.

### B. The contract allocation of the sale price to the five parcels

**{¶ 10}** At the BTA hearing, the school board offered three exhibits, including a copy of the 2014 purchase agreement for the sale of the five Beavercreek Towne Station parcels and parcels at a nearby shopping center. The agreement contained an appendix that allocated the sale price to the parcels of the two shopping centers involved in the sale.

**{¶ 11}** The contract called for a sale of the Beavercreek center along with another shopping center as part of one transaction. On the pages showing the allocation of the overall sale price, there was an apparent error. One of the parcel numbers from the other shopping center was listed *both* as a component of that shopping center *and* as a component of Beavercreek. Additionally, the parcel number of the Lowe's parcel in Beavercreek was absent altogether.

**{¶ 12}** In addition to the documentary evidence, the school board offered the testimony of a subpoenaed officer of Beavercreek with respect to the allocation of the portfolio sale price of multiple properties.

### C. The school board's motion to exclude

{¶ 13} Shortly before the BTA hearing, the school board moved to exclude Kohl's as a party on the grounds that Kohl's had no standing as a lessee separate from that of the property owner, Beavercreek. The school board renewed that motion at the hearing, and the board examiner deferred ruling on the motion until the ultimate decision. In response, Kohl's strenuously argued in favor of its own separate standing based on both the authorization from its landlord Beavercreek and the contention that, because as tenant Kohl's is responsible for paying property taxes under the lease, it qualifies as the real party in interest.

### D. The BTA's decision

{¶ 14} In its decision, the BTA first granted the school board's motion to exclude Kohl's as a party, explaining that as a mere lessee, Kohl's lacked standing as a complainant under R.C. 5715.19 and as an appellant to the BTA pursuant to R.C. 5717.01. BTA Nos. 2015-1488, 2015-1496, and 2015-1544, 2016 WL 6434037, at *2 (Oct. 25, 2016). The BTA then struck from the record the appraisal evidence offered by Kohl's.

{¶ 15} Turning to the merits, the BTA began by noting that Beavercreek's objections to using the sale price were premised not primarily on the recency or arm's-length character of the sale, but on two other circumstances: the sale involved the "leased fee interest" in the property, and the purchase price involved a portfolio sale including additional properties. *Id*. at * 3. Although the tax year 2014 was at issue and amended R.C. 5713.03 calls for valuing the "fee simple estate, as if unencumbered," the BTA rejected Beavercreek's leased-fee argument by citing case law restricting rebuttal of the sale price to impugning the recency or arm's-length character of the transaction. *Id*. The BTA also rejected, both factually and as a legal objection to using the sale price, the contention that the property was not exposed to the open market in connection with the sale. *Id*. at * 4.

**{¶ 16}** Next, the BTA addressed and rejected Beavercreek's contention that no portion of the sale price should be allocated to the Lowe's parcel because the Lowe's parcel number was absent from the contractual allocation of the sale price. The BTA inferred from the totality of the evidence that the omission of the Lowe's parcel number was a typographical error and concluded that the Lowe's parcel was part of the transfer referred to in the contract. *Id*. at *4-5.

**{¶ 17}** The BTA then addressed the issue of allocating the total sale price to the five individual parcels. The BTA invoked the property owner's "burden to rebut the propriety of [the] allocation" and found that Beavercreek had failed to rebut the validity of the allocation in the purchase agreement. *Id*. at *6. Accordingly, the BTA adopted the contractual allocation, which substantially changed the proportionate share of the aggregate tax burden borne by the Lowe's and Kohl's parcels.

**{¶ 18}** Here are the values found by the BTA as opposed to those determined by the BOR:

|  | BOR value | BTA value |
| --- | --- | --- |
| Lowe's parcel | $11,973,400 | $13,698,600 |
| Kohl's parcel | $13,233,800 | $11,155,410 |
| Other parcels | $22,272,700 | $22,625,820 |
| Aggregate | $47,479,900[1] | $47,479,830 |

**{¶ 19}** Two notices of appeal were filed from the BTA's decision. One was filed by attorney Gibbs on behalf of Beavercreek, and the other was filed by attorney Bauernschmidt on behalf of both Beavercreek and Kohl's.

---

[1] The small discrepancy between the aggregate numbers may be attributed to rounding that was part of the BOR's computation of allocated value.

### III. Analysis

### A. Because Beavercreek authorized the tax appeal in relation to the Kohl's parcel, the BTA erred by excluding the evidence of value of that parcel

**{¶ 20}** The BTA correctly determined that as a tenant, Kohl's had no standing independent from its landlord Beavercreek to challenge the valuation of its parcel. That determination is well grounded. R.C. 5715.19(A) permits certain public officials to challenge property values along with "[a]ny person owning taxable real property in the county." Lessees are not mentioned and are therefore not authorized to file valuation complaints. Likewise, rights to appeal from BOR decisions to the BTA are confined to certain officials or boards, plus a "taxpayer authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor." R.C. 5717.01. Lessees are not permitted to appeal to the BTA in their own right. Finally, R.C. 5717.04 authorizes appeals to this court in BOR cases by "any of the persons who were parties to the appeal before the [BTA]," along with specified other persons. Lessees, who are not properly parties below in their own right, cannot claim a right of their own to appeal to the court—and here the BTA did in fact explicitly exclude Kohl's as a separate party below (but did not dismiss the joint appeal to the BTA by Kohl's and Beavercreek). Accordingly, Kohl's could file an appeal from the BOR decision to the BTA only as an agent of Beavercreek, not in its own right. It follows that the BTA did not abuse its discretion by excluding Kohl's as a separate and independent party to the appeal.

**{¶ 21}** Having granted the school board's motion to exclude Kohl's as a party, the BTA regarded it as a mere logical extension of that ruling to strike from the record "the appraisal evidence offered by Kohl's," as well as "any written argument filed by Kohl's." BTA Nos. 2015-1488, 2015-1496, and 2015-1544, 2016 WL 6434037, *2. That additional ruling ignores the following facts relevant

to jurisdiction: (1) the appeal from the BOR's valuation of the Kohl's parcel was prosecuted not only by Kohl's but by Beavercreek itself, (2) the school board did not ask for and the BTA did not grant a dismissal of the appeal of the valuation of the Kohl's parcel, and (3) Beavercreek allegedly conferred authority on Kohl's to pursue the appeal of the value of the Kohl's parcel on Beavercreek's behalf because the owner was not on its own initiative going to raise that challenge.

{¶ 22} We need not determine whether there was sufficient evidence that Beavercreek authorized Kohl's to pursue the appeal as its agent because attorney Bauernschmidt also filed the appeal on behalf of Beavercreek directly. The notice of appeal from the BOR decision relating to the Kohl's parcel was explicitly prosecuted as a joint appeal of "Beavercreek Towne Station LLC and Kohl's Illinois, Inc. (Kohl's Department Stores, Inc.)." It was signed by "Karen Bauernschmidt, Esq." who gave her attorney-registration number along with her contact information—and she signed as "Appellant or Representative." There is no dispute that Beavercreek itself had authority as property owner to appeal the valuation of the Kohl's parcel, and the exclusion of Kohl's as an independent party did not prevent attorney Bauernschmidt from prosecuting the appeal to the BTA in a representative capacity *on behalf of Beavercreek itself*.

{¶ 23} We have held, " 'When an attorney files an appeal, it is presumed that [she] has the requisite authority to do so.' " *T. Ryan Legg Irrevocable Trust v. Testa*, 149 Ohio St.3d 376, 2016-Ohio-8418, 75 N.E.3d 184, ¶ 15, quoting *State ex rel. Gibbs v. Zeller*, 2d Dist. Montgomery No. 9170, 1985 WL 7625, at *1 (Jan. 24, 1985). That presumption attached to Bauernschmidt in this case based on the form of submission of the notice of appeal to the BTA, and it is the backdrop for viewing her authority to act on behalf of Beavercreek at the BTA hearing. Bauernschmidt filed the appeal to the BTA directly under Beavercreek's name, thereby asserting her authorization to pursue the appeal on behalf of the property owner.

**{¶ 24}** The school board argues that the only evidence of authorization consists of statements of the lawyers who are seeking a value reduction, which are not themselves evidence. But this argument rests on a misunderstanding of the burden of proof. Based on the notice of appeal relating to the Kohl's parcel, attorney Bauernschmidt was presumed to possess authorization from Beavercreek as well as Kohl's; accordingly, the burden lay on the school board to offer "substantial proof" that such authorization was lacking. *T. Ryan Legg Irrevocable Trust* at ¶ 17. Far from containing such proof, the record supports the authorization of attorney Bauernschmidt by Beavercreek.[2] At the BTA hearing, attorney Gibbs, who represented Beavercreek with respect to the Lowe's parcel, strongly confirmed the authorization of Kohl's and attorney Bauernschmidt to litigate on behalf of Kohl's that parcel's value, and at oral argument, both attorneys confirmed that Beavercreek had authorized attorney Bauernschmidt to appeal at the BTA and to this court.

**{¶ 25}** Because attorney Bauernschmidt presented evidence of the value of the Kohl's parcel on behalf of Beavercreek, it was error for the BTA to exclude that evidence. We therefore reverse the BTA's exclusion of that evidence.

---

2. Earlier during this appeal, we denied the school board's motion to dismiss the notice of appeal filed by Bauernschmidt on behalf of Beavercreek and Kohl's. 148 Ohio St.3d 1441, 2017-Ohio-1427, 72 N.E.3d 655. Our denial of the motion was justified both by Kohl's independent standing to appeal its own exclusion as a party, *see Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 11, and by Bauernschmidt's presumptive authority to file on behalf of Beavercreek. Additionally, we note that Beavercreek's filing two separate notices of appeal from the same BTA decision is not good practice and parties should avoid it. However, we do not perceive a jurisdictional defect under these circumstances, given that both notices of appeal separately invoked the court's jurisdiction as of the time they were filed. *Accord Soyko Kulchystsky, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 141 Ohio St.3d 43, 2014-Ohio-4511, 21 N.E.3d 297, ¶ 30 (jurisdiction over a valuation complaint is determined when the complaint is filed).

### B. The BTA did not abuse its discretion by inferring a typographical error

{¶ 26} The brief filed on behalf of Beavercreek by attorney Gibbs argues that there is no evidence in the record to show that the Lowe's parcel was part of the portfolio sale, with the result that the sale price cannot properly be allocated to the Lowe's parcel. Gibbs bases this contention on the contractual allocation attached to the purchase agreement: the Lowe's parcel number is not one of the five parcel numbers listed for Beavercreek.

{¶ 27} As discussed, the BTA found that other evidence, such as the deeds and property-record cards, confirmed that the Lowe's parcel was sold as part of the total Beavercreek sale and that the fifth parcel number on the contractual allocation was a typographical error. BTA Nos. 2015-1488, 2015-1496, and 2015-1544, 2016 WL 6434037, at *5. The record contains substantial indicia that the Lowe's parcel was part of the sale, including the conveyance-fee statement, which does reference the Lowe's parcel number, and the testimony of Beavercreek officer Joseph Schlosser that the sale did contain the Lowe's parcel. Additionally, the appraiser himself testified that the actual Lowe's parcel number was part of the sale.

{¶ 28} Under the case law, we reverse the BTA's findings of fact only when there is a total absence of evidence to support a particular finding. *HealthSouth Corp. v. Testa*, 132 Ohio St.3d 55, 2012-Ohio-1871, 969 N.E.2d 232, ¶ 14. Here, ample evidence supports the BTA's inference of a typographical error.

### C. The BTA erred by failing to give full consideration to the appraisal evidence

{¶ 29} As Beavercreek points out, the BTA's merits decision exhibits a defect similar to its decisions in *Terraza 8*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, and *Bronx Park*, ___ Ohio St.3d __, 2018-Ohio-1589, ___ N.E.3d ___. Namely, the BTA adopted an allocated aggregate sale price of leased

properties as the property value of each parcel without giving proper consideration to the appraisal evidence.

{¶ 30} Particularly notable in this case is that the appraiser, Richard Racek, testified that the contract rent of the Lowe's and Kohl's parcels exceeded the market rent derived from rent comparables. With respect to the Lowe's parcel, Racek opined that the prices for leased parcels were significantly higher than the prices for unencumbered parcels because "properties that are leased generally sell for far more per square foot than ones that are not leased." Thus, the appraiser evidence could, if properly considered, substantiate a finding that the sale price might not indicate the value of the unencumbered fee-simple estate.

{¶ 31} Accordingly, we vacate the BTA's decision and remand the cause to the BTA for further proceedings, including full consideration of the appraisal evidence of the value of the parcels at issue. To the extent that the BTA adopts an allocated sale price on remand, the BTA shall also give full consideration to the propriety of the allocation in light of all the evidence in the record. But the BTA shall decide the case based on the existing record and not receive new evidence. *Bronx Park*, ___ Ohio St.3d ___, 2018-Ohio-1589, ___ N.E.3d ___, ¶ 13.

### IV. Conclusion

{¶ 32} For the foregoing reasons, we vacate the BTA's decision and remand for further proceedings in accordance with this opinion.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, DEWINE, and DEGENARO, JJ., concur.

FISCHER, J., concurs in judgment only.

_____

The Gibbs Firm, L.P.A., Ryan J. Gibbs, and Geoffrey N. Byrne, for appellant Beavercreek Towne Station, L.L.C.

Vorys, Sater, Seymour & Pease, L.L.P., Karen H. Bauernschmidt, Nicholas M.J. Ray, and Steven L. Smiseck, for appellants Beavercreek Towne Station, L.L.C., and Kohl's Illinois, Inc.

Rich & Gillis Law Group, L.L.C., and Kimberly G. Allison, for appellee Beavercreek City School District Board of Education.

_____